GEO. E. WOOD LUMBER COMPANY, A CORPORATION, *Plaintiff in Error*, v. ADDIE P. GIPSON BY HER NEXT FRIEND, J. T. GILMORE, *Defendant in Error*.

1. A charge or instruction directing a verdict for the defendant should never be given, unless it is clair that there is no evidence whatever adduced that could in law support a verdict for the plaintiff.   If the evidence is conflicting, or will admit of different reasonable inferences, or if there is some evidence tending to prove the issue presented by the plaintiff, it should be submitted to the jury as a question of fact, and not taken from the jury and passed upon by the judge as a question of law.

2. Questions of negligence and of contributory negligence are for the jury to determine when the facts are controverted.

3. In passing upon an assignment questioning the correctness of the ruling of the trial court in denying a motion for a new trial, which is based upon the sufficiency of the evidence to sustain the verdict, the question thereby presented to an appellate court is whether or not the jurors acting as reasonable men could have found such verdict from the evidence adduced.   If this question can be answered in the affirmative, the action of the trial court upon such motion should not be disturbed.

4. Even though some of the language used in portions of the general charge and instructions of which complaint is made

was not so happily chosen as might have been, an appellate court cannot be expected to apply the principles of absolute precision and technical nicety in construing the same. It is sufficient to determine that no reversible error has been made to appear therein.

5. Negligence of the defendant employer appearing upon which liability in damages may be predicated, and contributory negligence not clearly appearing, a verdict for the plaintiff cannot be said to be erroneous as matter of law.

Writ of error to the Circuit Court for Washington County.

The facts in the case are stated in the opinion of the court.

*Jno. C. Avery,* for Plaintiff in Error;

*W. O. Butler* and *Smith & Davis,* for Defendant in Error.

SHACKLEFORD, J.—An action was brought by the defendant in error against the plaintiff in error, seeking to recover damages for the death of her husband, which is alleged to have been occasioned by the negligence of the defendant corporation. The declaration contains three counts and is quite lengthy. Pleas of not guilty, that the injury was occasioned by the negligence of the plaintiff, contributory negligence of the plaintiff, and assumption of risk by the plaintiff were filed, upon which the plaintiff joined issue and the case was tried before a jury. Such trial resulted in a verdict and judgment in the plaintiff's favor for the sum of $5,000.00, which judgment the defendant seeks to have tested here by writ of error. A number of errors are assigned, some of which are aban-

doned and others are grouped and argued together. We have given all the assignments which are urged before us a careful examination, but shall discuss only such of them as seem to merit treatment.

The declaration alleges in substance that the defendant was the owner and operator of a sawmill and that C. G. Gipson, the husband of the plaintiff, was at the time of the injury to him, which resulted in his death, in the employ of the defendant, being then about twenty years of age. It is further alleged that the sawmill of the defendant was located on the Choctowhatchee River and that there was a place in such river arranged for the holding of the defendant's logs and boom. For the better understanding of this opinion, we give the following excerpt from the declaration:

"That along by the side of said boom at a height of between 25 and 30 feet above the normal height or condition of the water in said boom there was a railroad track which was used by the defendant for the operating and running of its cars in the hauling of its logs from the woods to said mill and from which point the logs were unloaded from the said mill and into said boom. That as aforesaid this railroad was located twenty-five or thirty feet above the normal condition of the water in said boom, and that from the railroad track down to the bank of said boom there was a steel incline down which the logs from the cars were rolled when unloaded called the ramps; that at the bottom of the ramps and on the banks of the boom there was a small flat level place, extending practically the entire length of the boom, and upon which a great many logs usually stopped when being unloaded from the cars and rolled down this steep incline, called the ramps. That this steep incline or ramps, when kept in good condition, the logs when unloaded from the cars,

would roll down this incline or ramps at great rapidity, but that on the day aforesaid these ramps were in bad condition, the poles or logs extending from the top of the ramps down to the bottom and upon which the logs, when unloaded from the cars, were rolled, had been allowed to get in bad condition, and many of them were in such condition as that they impeded the progress of the logs when unloaded from the cars on their way down to the bottom of the ramps and into the boom—and that by reason thereof many logs, when unloaded from the cars, were arrested or stopped on the way down this steep incline or ramps, which required much labor to break or loosen so as to allow the logs to roll down in their course to said boom.

Plaintiff alleges that on the 2nd day of September, 1909, that C. G. Gipson, now deceased, the husband of the plaintiff, was in the employ of the said defendant, and was, by the said defendant, directed to go down to this boom together with one or two other laborers, to make some special selections out of logs that lay along at the bottom of the ramps or in said boom, that defendant wished to have manufactured into some special kind of lumber or for some special or specific use; and that under the specific directions and orders given him by the said defendant to go to the said point to make said selections from said logs, for said purposes, he, on the said 2nd day of September, 1909, went to said point as ordered and directed by said defendant, and that just immediately after reaching said point where he was to make selections of special logs, and while at or near the bottom of said ramps a lot of logs had become locked or lodged at the top of said ramps, become unfastened and broke loose from where they had become lodged and locked, up at the top of said ramps, and rolled down said ramps, with great rapidity and in and upon the said C. G. Gipson with such

force and rapidity that it was impossible for him to escape, said logs striking in and upon the body with great force, and inflicting upon him mortal wounds or injuries, which resulted in his death three days later."

The declaration then proceeds to allege that the decedent was unacquainted with the conditions existing at such ramps, was inexperienced and had no knowledge of the dangerous condition existing at the point where he was directed by the defendant to go, all of which facts were known to the defendant, wherefore it became the duty of the defendant to have informed, cautioned and advised the decedent of such dangerous conditions, which the defendant neglected and failed to do.

The declaration is unduly prolix, containing redundancies, repetitions and much unnecessary matter. See our observations as to the object of judicial proceedings, the functions performed by pleadings and what should characterize them in Seaboard Air Line Ry. v. Rentz, 60 Fla. 429, 54 South. Rep. 13; Sylvester v. Lichtenstein, 61 Fla. 441, 55 South. Rep. 282, and Hillsborough Grocery Co. v. Leman, 62 Fla. 208, 56 South. Rep. 684. We would also refer especially to our discussion in Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618, as to the essential elements of a declaration in an action seeking to recover damages for personal injuries occasioned by the negligence of the defendant.

One of the assignments is based upon the refusal of the trial court to direct the jury, at the close of the plaintiff's testimony, to return a verdict in favor of the defendant, in accordance with the provisions of Chapter 6220 of the Laws of Florida (1911, page 191). This motion was renewed at the close of the entire testimony and again refused, which ruling forms the basis for another assignment. We are of the opinion that these as-

signments are without merit.    We have repeatedly held
that a charge directing a verdict for the defendant should
never be given, unless it is clear that there is no evidence
whatever adduced that could in law support a verdict
for the plaintiff.    If the evidence is conflicting, or will
admit of different reasonable inferences, or if there is
some evidence tending to prove the issue presented by
the plaintiff, it should be submitted to the jury as a ques-
tion of fact, and not taken from them and passed upon
by the judge as a question of law.    See Bass v. Ramos, 58
Fla. 161, 50 South. Rep. 945, 138 Amer. State Rep. 105,
and prior decisions of this court there cited.    Also see
the discussion in Farnsworth v. Tampa Electric Co., 62
Fla. 166, 57 South. Rep. 233, as to the respective functions
of the trial judge and the jury.    As we held therein,
"Questions of negligence and of contributory negligence
are for the jury to determine when the facts are con-
troverted."

Another assignment is based upon the overruling of
the motion for a new trial, which questions the sufficiency
of the evidence to support the verdict.    We shall not un-
dertake to set out the evidence.    While there are some
conflicts therein and it is not entirely satisfactory in all
respects, we are of the opinion that it may be said to
fairly sustain the material allegations of the declaration.
There was testimony to the effect that "it was not neces-
sary for Gipson to go on to the place where he was hurt
in order to get to the water and go to work," there being
a passage-way between the ramps and the slip by which
he could have gone to the water, if he had desired to do
so, though there was no testimony introduced to show
that Gipson knew of such passage-way.    There was also
testimony to the effect that Mr. Breckenridge, the fore-
man of the defendant, instructed Gipson "to go down to

the boom or the ramp and select some timber down there," and also that "if Gipson had been sent to pick out timber in the boom the direction he was going was proper." As to the dangerous condition of the place at which Gipson was hurt there can be no question, as the testimony of the witnesses introduced both by the plaintiff and the defendant conclusively shows. Without further discussion of the testimony, it seems sufficient to say that the jurors acting as reasonable men could have found the verdict which they did find from the evidence adduced. This being true, we must refuse to disturb it on the ground that the evidence was not sufficient to support it. See Andrew v. State, 62 Fla. 10, 56 South. Rep. 681, and authorities there cited, especially Wilson v. Jernigan, 57 Fla. 277, 49 South. Rep. 44, and Pensacola Electric Co. v. Bissett, 59 Fla. 360, 52 South. Rep. 367. We would also refer to the reasoning and authorities cited in Goulding Fertilizer Co. v. Watts, decided this day.

Several assignments are based upon certain portions of the general charge and certain instructions given at the instance of the plaintiff. We shall not discuss them in detail. It may be, and doubtless is, true that some of the language used in the portions of the general charge and instructions of which complaint is made was not as happily chosen as might have been, but we cannot be expected to apply the principles of absolute precision and technical nicety in construing the same. See Pensacola Electric Co. v. Bissett, 59 Fla. 360, 52 South. Rep. 367. It is sufficient to say that no reversible error has been made to appear to us in any of these assignments. See McKinnon v. Lewis, 60 Fla. 125, 53 South. Rep. 940. We are further of the opinion that the instructions given at the instance of the defendant were more favorable than it was entitled to. As to the practice of requesting a large

number of instructions, see our discussion in Farnsworth v. Tampa Electric Co., 62 Fla. 166, 57 South. Rep. 233. Having found no reversible error, the judgment must be affirmed.

WHITFIELD, C. J., and TAYLOR, COCKRELL and HOCKER, J. J., concur.