C. E. COBB, *Plaintiff in Error*, v. J. E. TWITCHELL, *Defendant in Error*.

Division A.

Opinion Filed March 25, 1926.

540

*Fee & Liddon,* for Plaintiff in Error;

*Parker & Thomas,* for Defendant in Error.

STRUM, J.—This writ of error was taken to a judgment awarding damages to defendant in error, who was plaintiff below, for property destroyed or injured by a fire set out by plaintiff in error. The sole assignment of error is that the trial court erred in denying the motion for a new trial, made by defendant below, which motion assails the sufficiency of the evidence to support the verdict, and asserts that the verdict is contrary to law and the charges of the court.

There is but slight, if indeed there is any, material conflict in the evidence as to the circumstances of the fire, the sole question being whether the evidence discloses facts or circumstances from which negligence on the part of the defendant below may be lawfully found or inferred.

The evidence discloses that on the morning of March 7, 1922, defendant below, plaintiff in error here, started a fire to burn off a right of way for a road, at a point about three-quarters of a mile distant from a citrus grove belonging to plaintiff. When the fire was set out, dew was on the grass and the morning was still and calm. The defendant had with him a crew of eight men, making nine in all. A fire guard, eight to twelve feet in width, was first cleared off around a portion of the area to be fired, and other fire guards were cut out ahead of the fire from time to time as the burning progressed. The underbrush cut from the fire guards was thrown back into the area to be burned, and

was wet and pressed down so it would not burn too rapidly. A portion of the area which comprised the fire guards was also wet down with water from time to time. The fire burned slowly until about 10:30 o'clock A. M., at which time the dew had dried off, the wind began to rise from the Southwest, and the fire grew stronger. The defendant then ordered the fire extinguished and a fire guard cut completely around the burned area. At about 11:00 o'clock A. M., it appeared that the fire was completely quenched, all embers and burning sparks put out, and there was no apparent danger to adjacent property. The defendant, accompanied by one of his men, then left the vicinity to go to a nearby town, leaving orders with the seven men who remained to keep one or two men watching the burned area to prevent a recurrence of the fire. There is credible evidence that these instructions were complied with, two men remaining in or around the burned area most of the time, while the other five men of the crew worked on ahead completing the fire guard which was designed to prevent a spread of the fire in the event it unexpectedly recurred. The men all believed the fire to be out. At about 1:15 P. M., shortly after the crew had finished dinner, fire suddenly broke out in a "clump" of saw grass, outside and about six feet to the north of the fire guard. As expressed by a witness for the defendant, "it seemed as though it had gone up in a flash as though something like an explosion." This fire when discovered was, as appears by the undisputed testimony of a witness for the plaintiff, "not more than half as big as this (court) room." The seven men were all working in the immediate vicinity, and they at once went in ahead of the fire in an effort to extinguish or check it, but "couldn't do anything with it." The area between the fire and plaintiff's grove was covered with "saw grass and myrtle bushes and the like and burned

rapidly," with the result that the fire reached and "went through" plaintiff's grove, situated about three-quarters of a mile to the Northeast, destroying or damaging a number of valuable fruit trees.

Witnesses for both plaintiff and defendant testified that the original fire was apparently completely extinguished at about 11:00 o'clock and that a vigilant lookout was kept continuously thereafter to prevent a spread of the fire in the event of a recurrence. How the fire reappeared or recurred two hours thereafter on the outside of the fire guard in such volume as to quickly grow beyond the control of seven men is unexplained, one witness hazarding the observation that he supposed "it must have went under the ground." The fact remains, however, that fire did reappear or recur at the time and place and in the manner stated, and damaged plaintiff's grove. No question of contributory negligence is involved.

The mere setting out of a fire for a lawful purpose and under prudent circumstances is not negligence per se. Ulrich v. Stephens, 93 Pac. Rep. 206. And mere proof of damage resulting from the setting out of a fire will not entitle the injured one to recover. But fire is a dangerous agency. Miller v. Neale, 119 N. W. Rep. 94; Susquehanna Transmission Co. v. Murphy, 101 Atl. Rep. 791. Its treacherous propensities are within the common knowledge of all prudent persons, and one setting out a fire must use care to prevent it from damaging his neighbor in proportion to the risk reasonably and ordinarily to be anticipated by a prudent person under the circumstances. J. Q. Lloyd Chem. Co. v. Mathes & Sons, 123 S. W. Rep. 528; 1 Thomp. on Negligence, Sec. 730. Where one lawfully and prudently kindles a fire on his own premises for a legitimate purpose and with a lawful motive to serve his own business or domestic use, in the absence of negligence in its setting out or

subsequent management, he is not liable to another for damage that may be occasioned from the fire. But a person who sets out a fire is liable in damages for any injury proximately resulting from the failure on his part to use reasonable prudence and ordinary care and caution in kindling the fire as well as in its subsequent management to prevent its spread. In an action of this character, negligence on the part of the defendant is essential to a recovery. In the absence of a controlling statute, such negligence will not be presumed but must be proved, the burden being upon the party alleging it. Such negligence, however, may be predicated not alone upon the circumstances under which the fire was kindled, or upon a failure to observe requisite precautions preliminary thereto, but may be established as well by appropriate proof that the defendant, after properly setting out the fire, failed to manage and attend it with reasonable prudence and ordinary care appropriate to the circumstances Edwards v. Massingill, (Ala.) 57 South. Rep. 400; Gibbon v. Lannen, 111 S. E. Rep. 618; King v. Norcross, 82 N. E. Rep. 17; Higgins v. Dewey, 107 Mass. 497; Mahaffey v. Rumbarger Lbr. Co., 56 S. E. Rep. 893; 8 L. R. A. (N. S.) 1263; Hawkins v. Collins, 151 N. W. Rep. 187; 36 L. R. A. (N. S.) 194; Brown v. Brooks, 21 L. R. A. 255.

The degree of care required to be used in any given case to avoid the imputation of negligence must be according to the circumstances or in proportion to the danger reasonably to be anticipated; such care as is ordinarily sufficient under similar circumstances to avoid danger and secure safety. Negligence may be inferred from circumstances properly adduced in evidence provided those circumstances raise a fair presumption of negligence; and circumstantial evidence alone may authorize the finding of negligence. J. T. & K. W. Ry. Co. v. P. L. T. & M. Co., 27 Fla. 1; 9 South.

Rep. 666; 17 L. R. A. 33n; Southern Utilities Co. v. Matthews, 84 Fla. 30; 93 South. Rep. 188; Meier and Lockwood Corp. v. Dakota Live Stock Co., 193 N. W. Rep. 138.

When the question of negligence depends upon a disputed state of facts, or when the facts, though not disputed, are such that different minds may reasonably draw different conclusions from them, the question is for the jury. As was said by Judge Cooley in Detroit, etc. R. R. Co. v. Van Steinberg 17 Mich. 99, and adopted by this court in The Consumers Elec. etc. Co. v. Pryor, 44 Fla. 354; 32 South. Rep. 797: "When the question arises upon a state of facts on which reasonable men may fairly arrive at different conclusions, the fact of negligence can not be determined until one or the other of those conclusions has been drawn by the jury. The inference to be drawn from the evidence must either be certain and incontrovertible, or they can not be decided upon by the court."

The principle just stated applies to a determination of the question of negligence in the case now under consideration. Susquehanna Transmission Co. v. Murphy, 101 Atl. Rep. 791; Gibbons v. Lannen, 111 S. E. Rep. 618.

In passing upon an assignment questioning the correctness of the ruling of the trial court in denying a motion for new trial which is based upon the sufficiency of the evidence to sustain the verdict, the guiding principle for an appellate court is not what it may think the jury *ought* to have done or what such court may think it would have done had it been sitting as a jury in the case, but whether as reasonable men the jury could have found such verdict upon the evidence. If this question can be answered in the affirmative, the action of the trial court upon such motion should not be disturbed. Wilson v. Jernigan, 57 Fla. 277; 49 South. Rep. 44; Wood Lumber Co. v. Gipson, 63 Fla. 316; 58 South. Rep. 364.

It may fairly be said that the evidence in this case perhaps fails to sufficiently disclose any facts from which it could be lawfully found or inferred that the defendant was negligent in originally setting out the fire under the attendant circumstances, or that he was negligent in respect to the precautions taken, but we are unwilling to say that there is no competent or sufficient evidence from which the jury might have reasonably found or inferred that the defendant failed to use the requisite degree of care and skill in controlling and managing the fire after it was set out. The fact that a brush fire of apparently modest original proportions, and apparently completely extinguished for two hours or more, suddenly recurs in the open country at a point outside the fire guard provided and with such intensity and vigor that seven men in the immediate vicinity, possessing full knowledge of the circumstances and of the possibility of a recurrence, were unable to check or extinguish it before it advanced three-quarters of a mile to plaintiff's property, tends in a substantial degree to support the conclusion of the jury in respect to the negligence of the defendant or his servants. Upon the state of facts before us, and in the absence of mitigating circumstances, a jury might reasonably conclude that the defendant, or his servants, did not observe reasonable prudence and ordinary care under the circumstances in that they were not sufficiently thorough in extinguishing the original fire; or that the fire guard constructed by them, in its dimensions or manner of construction, was not adequate or suitable under the circumstances; or that the defendant, or his servants, were not appropriately alert in watching the burned area, and the immediately adjacent vicinity, to prevent a recurrence of the fire, since the recurring fire had already covered a considerable area before its discovery. Especially is this true when it is considered that the testimony in

respect to the wind was merely that it "raised on us" and "started up some," and not that the change in the wind was unusual, extraordinary, or such as in its nature was not reasonable to be anticipated under the circumstances.

The evidence does not support the view that the spread of the fire, and the consequent damage to defendant's property, was occasioned *solely* by an efficient, independent and intervening cause, sufficient in itself to constitute the proximate cause of the damage, namely, the Southwesterly wind which arose, as was the case in Stephens v. Mutual Lbr. Co., 173 Pac. Rep. 1031, and Lehman v. Maryott, 184 Pac. Rep. 323.

Judgment affirmed.

BROWN, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the Opinion.