# Louisville & N. R. Co. v. Crady et al.

(Decided May 11, 1934.)

FAUREST & FAUREST and ASHBY M. WARREN for appellant.
E. W. CREAL and L. B. HANDLEY for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Reversing.

The property of appellee is situated 60 feet from the depot and freight warehouse of appellant at Lyons, Ky. On March 8, 1933, the depot and warehouse burned. The fire spread to the property of appellees, and it was burned. This action was brought by appellees to recover damages in the sum of $6,250, alleging that the destruction of their property was by reason of the negligence of appellant. The issues were made up. On the trial of the case there was a verdict and judgment in favor of the appellees for $2,000. The defendant appeals, insisting that under the evidence the court should have instructed the jury peremptorily to find for the defendant. The facts shown by the proof are these:

The agent left the station about 4:30 p. m. When he left he put a few pieces of coal in the stove to keep the fire from going out, and left the stove door open so that the fire would not burn too fast. He returned about 7 o'clock. A train came along not long after this, and about 8 he left the station again and went home, locking it up and leaving everything apparently as usual. About 9 the fire was discovered. The building had two rooms facing the railroad track, each with a door on the outside. A partition wall separated the two rooms, and there was no door in the partition wall. The flue was near the partition wall, and the stove not far from the flue; the partition wall extending only to the ceiling. Above the ceiling, the attic was one unbroken space above the rooms. A good metal roof was on top. There was a ventilator in the attic about a foot square at the far side of the building with strips over the space, shutter fashion, to protect from the rain. When the fire was discovered, the partition wall was burning at the top and had burned down from two to four feet. A letter box, some feet away from the wall, had papers in it, and these were blazing when the fire was discovered. Efforts were made in vain to put the fire out. The building fell in, falling towards appellees' property. The March wind was blowing in that direction, and it took fire and also burned. The depot had been there something over twenty years, though additions had been made to it from time to time. In November the company had raised the building, including the chimney. In doing this, the workman first went to the base of the chimney, put in jacks and raised it up, then raised the building and put a foundation under the building and the chimney. He testified that he examined the chimney after he got through and that it was all right and undisturbed in any way. The station agent had used the depot just as usual all that winter and had no trouble or notice of any kind that anything was wrong.

On the other hand, appellees proved by several witnesses that the chimney, after the building fell away from it, had a hole in it in the attic. Some said you could stick your hand or fingers in the hole; others that the mortar only had come out. Some proof did indicate that the hole was small; some that what had happened was that a part of a brick had fallen out as well as the mortar. But this was after the fire, and nobody knew anything of any trouble in the attic before the

fire. There was no proof tending to show that the fire originated in any way from the running of the trains or that any facts were known to the appellant or should have been known to it, from which danger of a fire in the attic should, in the exercise of ordinary care, have been anticipated, unless it be in fact that the chimney had been raised in the raising of the building in November.

In the absence of any statute affecting the case, it must be determined under the common-law rule, which is this:

"Although the early common law was to the contrary, and it has been followed in certain of the Canadian provinces, the rule is now well settled that in the absence of statute liability for injury to others through the escape of fire from premises of which one is in control must in general be predicated upon negligence, and the mere setting of a fire for lawful purposes and under prudent circumstances is not negligence per se. However, one who sets a fire upon his own premises even for a lawful purpose is liable for damages occasioned by the communication of the fire to the property or premises of another where he has been guilty of negligence in kindling the fire, or in guarding against its spread. The duty rests upon him to use ordinary or reasonable care in setting the fire and in keeping it or preventing its spread, which care must be commensurate with the danger reasonably to be anticipated, and is dependent upon the circumstances of each particular case." 45 C. J. p. 850, sec. 272.

"One using fire for heating purposes may be liable for his negligence in connection therewith occasioning injury to others, for example, in failing to prevent the emission of sparks, or in using an unsafe flue." 45 C. J. p. 855, sec. 275.

To the same effect, Cobb v. Twitchell, 91 Fla. 539, 108 So. 186, 45 A. L. R. 865, and notes.

"The measure of diligence required to free one from liability for the spread of a fire lawfully set on one's premises is ordinary care." 45 A. L. R. 873.

The fire in the stove was maintained simply for heating purposes, just as it had been all the winter. The chimney had been built in the usual way, and the

hole above referred to was first seen after the fire, and no one until then had any reason to anticipate its existence.

Appellees insist that the evidence of the workman was insufficient to show that he made an adequate inspection of the attic after he finished his work. But the case does not turn here. There is no proof showing that he had any reason to know that what he had done had produced a hole in the chimney in the attic. He was not required to go into the attic and make a special inspection, unless in the exercise of ordinary care he should have known this. Under the evidence it is not only doubtful as to what caused the hole in the attic, but there is no evidence that there were any facts putting the appellant on notice that there was any defect in the attic which ought to be remedied after the chimney was raised in November. Appellant was simply using the property in the usual way and without knowledge of any facts from which, in the exercise of ordinary care, it should have known that there was a hole in the chimney in the attic. It is not liable unless the hole existed before the fire and on the facts known to it, in the exercise of ordinary care, a person of ordinary care should have known of the hole, and that by reason of it the condition of the flue was not such as ordinary care required. This does not appear.

The court should have instructed the jury peremptorily to find for the defendant.

Judgment reversed, and cause remanded for further proceedings consistent herewith.