Mrs. Eunice E. Orr, a widow, v. Avon Florida Citrus
Corporation.

177 So. 612.
Division A.
Opinion Filed November 27, 1937.
Rehearing Denied January 5, 1938.

*George Palmer Garrett,* for Plaintiff in Error;

*G. Edwin Walker* and *T. A. McNicholas,* for Defendant in Error.

TERRELL, J.—State Road Number 8 in Highlands County runs north and south and about one mile north of Avon Park, it is intersected at approximately right angles by the Lake Isis Road. About nine o'clock in the morning of the tenth day of August, 1935, L. M. Orr, Sr., was driv-

ing south on State Road Number 8 near its intersection with the Lake Isis Road. He was driving a Chevrolet truck and his little daughter Charlotte, seven years old, was riding beside him. Sam J. Pendleton, Jr., was at the same time and in the same vicinity driving north on State Road Number 8 in a Ford V-8 pick up truck. As Pendleton approached the intersection of State Road Number 8 and the Lake Isis Road, A. V. Anderson, driving a Plymouth coupe over the Lake Isis road, drove onto or so near State Road Number 8 that the front of his (Anderson's) car was struck by Pendleton's truck, knocking it northward and around into the ditch by the side of the road. Pendleton's truck veered diagonally to the opposite side of the road and struck Orr's truck about 150 or 200 feet from where it struck Anderson's car. Pendleton's truck bounded completely over Orr's truck, crushing the top of it severely and landed in the road to the north of it. Orr was crushed to death in the collision of the two trucks and Pendleton was thrown to the pavement and killed by the impact when his truck came to rest. Charlotte Orr and A. V. Anderson were not seriously injured.

Pursuant to Section 7048, Compiled General Laws of 1927, Eunice E. Orr, the widow of L. M. Orr, brought this action against Avon Florida Citrus Corporation to recover damages for the loss of comfort, protection, and the society of her husband. The declaration was in one count and is bottomed on the joint negligence of Pendleton and Anderson, the latter being at the time of the accident, so it is alleged, the agent and employee of defendant in the business of defendant and being then acting in the scope of his employment.

A multitude of pleas were interposed but the cause went to trial on the following pleas: payment, not guilty, con-

tributory negligence on the part of Orr, and the denial of Anderson's agency of defendant or his employment in behalf of defendant at the time of the accident. At the conclusion of plaintiff's testimony, defendant moved for a directed verdict which the trial court announced his intention to grant. Plaintiff took a nonsuit with bill of exceptions as provided in Section 4617, Compiled General Laws of 1927. Final judgment of nonsuit was entered, motion for new trial was denied, and the issue was brought to this court by writ of error.

We are confronted here with the single question of whether or not the trial judge committed error in taking the cause from the jury and directing a verdict for the defendant. This question turns on that of whether or not there was any evidence of Anderson's negligence, his joint negligence with Pendleton, his agency of defendant, or the fact that he was acting within the scope of his agency at the time of the accident.

There is evidence which shows that the Avon-Florida Citrus Corporation owns about seven thousand acres of citrus groves, that A. V. Anderson planted the first tree, was one of the first founders of the company and had been with it as manager or superintendent from its inception. At the time of the accident, he was seventy-five years old, had been relieved of active responsibility for the administration of the grove properties but was a member of the Board of Directors for the purpose of forming a quorum, worked on the groves as his pleasure dictated, was subject to the call of the president of the company at any time, constantly gave advice and the weight of his judgment about the grove property, was considered a general supervisor of all the property with unrestricted duties, could order any work done on the groves that he considered nec-

essary, for all of which he had been and was receiving a compensation of $200 per month. The evidence is in conflict as to whether the compensation was a pension or a salary. He was an experienced citrus grower and his advice was constantly sought as to the management of the property. The company paid his gas bill when he worked for it.

At the time of the accident, Anderson had just left the general office of the company where he had received some newspapers and was on his way to deliver them to some relatives of the president of the company who were staying at Lake Byrd Lodge in that vicinity. He was requested by the president to bring back from the Lake Byrd Lodge some papers which pertained to the business of the company. Some of the evidence indicates that one of these relatives was a Mr. Barber who was secretary of the company.

On the question of negligence, the evidence is in conflict. Some of it would indicate that Anderson's front wheels were about two feet on the pavement when his car was struck by Pendleton's truck, while other evidence would indicate that he had rolled up to the pavement at the intersection. It is shown that Pendleton was driving very fast and that Anderson did not see him before his car was struck. We express no judgment as to what caused Pendleton's truck to veer to the opposite side of the road but this was a jury question and certainly the entire evidence was such that it should have gone to them on this point.

The evidence of negligence is aided in this case by the application of the rule of *res ipsa loquitur*. At the point where the accident took place, the road was paved with asphalt, was perfectly straight, was eighteen feet wide, and there was little or no obstruction. Mr. Orr was on his

side of the road, was driving at a moderate rate of speed and it was about nine o'clock in the morning on a clear day. It was the province of the jury to take these physical facts and aided by the evidence determine whether this tragedy was a clear unavoidable accident or whether it was due to the negligence of some one and if so, who should be held liable.

Under our system of jurisprudence, trial by jury is an organic right and should under no circumstances be denied. The matter of directing a verdict is a most delicate one and should be indulged with great caution. A verdict should not be directed for one party unless the evidence is such that under no view of it, a verdict could be rendered for the opposite party. If the evidence is conflicting and will admit of more than one interpretation, if it consists of mysterious or unexplained circumstances, these should be resolved by a jury rather than the court. City Grocery Co. v. Cothron, 117 Fla. 322, 157 So. 891; Starks v. Sawyer, 56 Fla. 596, 47 So. 513; Commercial Credit Co. v. Parker, 101 Fla. 928, 132 So. 640; Harbeson Lumber Co. v. Cosson, 116 Fla. 495, 106 So. 482.

The question of negligence is always a jury question to be answered from the facts and circumstances adduced at the trial. If the negligence is charged to the agent or servant of the master, the test of the master's liability is whether or not the servant was acting within the apparent scope of his agency or employment when the negligence was committed. This rule also applies as to slight deviations from the master's business if the deviation does not amount to an abandonment. Florala Saw Mill Co. v. Smith, 55 Fla. 447, 46 So. 332; Western Union Tel. Co. v. Michel, 120 Fla. 511, 163 So. 86.

Negligence may be established by circumstantial as well

as positive evidence and may be inferred from circumstances legally adduced in evidence if the circumstances raise a fair presumption of negligence, the circumstances and presumptions being at all times for the jury.  Cobb v. Twitchell, 91 Fla. 539, 108 So. 186; Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 So. 975.

The record discloses ample uncontradicted evidence to establish the agency of Anderson for the defendant in error.  Being a member of the Board of Directors for limited purposes, subject at any time to the call of the president for his judgment with reference to the administration of the properties, having the power to order any work done on the properties that he saw and deemed necessary and receiving $200 per month from the Company would certainly make him an agent.  He was what is now sometimes recognized as a superintendent emeritus, relieved of active responsibility but retained as a counsellor and advisor because of long and faithful service.

We do not for once infer that the fact of his agency alone fastens liability on him or the company.  It must be shown that at the time of the accident, he was negligent and was acting for the company within the scope of his agency.  On these points, there was some conflicting evidence and a very complex difficulty to resolve.  It must not only be shown that Anderson and Pendleton were both negligent but that Anderson's negligence contributed to Pendleton's in a manner causing him to veer to the opposite side of the road in the path of Orr's truck.  It was the province of the jury to take the physical and the articulate evidence and do this.

The judgment below is accordingly reversed.

Reversed.

ELLIS, C. J., and BUFORD, J  concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.