MRS. NINA B. JONES, a widow, v. FRED A. STODDARD, *et ux.*

189 So. 400
Division B
Opinion Filed June 2, 1939

*Knight & Green,* for Plaintiff in Error;

*Silver S. Squarcia* and *Shipp, Evans & Kline,* for Defendants in Error.

CHAPMAN, J.—On December 2, 1936, at the intersection of S. W. 19th Avenue and S. W. 19th Street in the City of Miami, Florida, an automobile accident occurred. Mr. Jones was driving a Chevrolet car while Mrs. Stoddard was driving a Pontiac. The front of the Pontiac was crushed and caught fire at the time of its impact with the Chevrolet. The force of the impact knocked the Chevrolet some 40 or 50 feet over a curb and rock wall or fence some two feet high, into a yard and against a palm tree which it uprooted near a residence located on the northwest corner of the intersection. The center of the Chevrolet car, near the front wheel, in which Mr. Jones was driving was severely crushed and damaged. Mr. Jones, 61 years of age, was removed from the car in a dazed and shocked condition and by a friend was taken to his home and a physician called and by him treated for injuries sustained by impact of the cars. He continued to grow worse and was taken to a hospital and died on December 7, 1936.

Mrs. Nina B. Jones, widow of the deceased, brought suit

against Mrs. Betty May Stoddard and husband alleging that the death of her husband was due to the careless and negligent operation of the Pontiac automobile at the aforesaid intersection of 19th Street and 19th Avenue in the City of Miami. The defendants filed pleas of not guilty and contributory negligence and evidence was taken in the lower court on these issues and when the plaintiff below rested, the trial court sustained a motion for a directed verdict, and a motion for a new trial was made by the plaintiff below and upon hearing an order was entered overruling and denying the same. Judgment final was entered for the defendant below and a writ of error has been perfected to this Court, and the case turns on the question of whether or not there is sufficient evidence of negligence on the part of Mrs. Betty May Stoddard at the time and place of the accident. If sufficient evidence was adduced to show the negligent operation of the car driven by Mrs. Stoddard at the time and place of the accident, then error exists in the record and the order directing a verdict for defendants on the part of the trial court will have to be reversed; otherwise the order sustained.

Negligence may be established by direct or circumstantial evidence and may be inferred from either direct or circumstantial testimony when properly adduced or established, and if negligence can reasonably be established by such inferences, then it becomes a jury question under our organic law. See Orr v. Avon Florida Citrus Corp., 130 Fla. 306, 177 So. 612; Cobb v. Twitchell, 91 Fla. 539, 108 So. 186; Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 So. 975, L. R. A. 1917E, 715. The evidence shows that the street and avenue were paved but at the intersection no stop light had been installed by the City, but as the drivers of the two cars lived in the Southwest section of the City of Miami and from time to time passed the *locus*

*in quo,* it would be a reasonable inference to conclude that they had knowledge of the congested traffic at this point, and the duty rested on each driver to use such care and precaution as the exigencies required with or without the precautionary signals of a stop light. If one of the drivers fails so to do, then the jury should pass upon and settle this point. The photographs of the damaged cars have been considered, and also the blueprints filed in evidence with the marks showing positions of the two cars at the time of the impact. One uncontroverted piece of mute testimony stands out in the case like a sore thumb, i.e., the Jones' Chevrolet car, as a result of the impact, was knocked between 40 and 50 feet from the street over a curb and rock wall or fence about two feet high into a yard of a residence and there rested against a palm tree in the yard. The car of the defendant was crushed at the front, while the Chevrolet car in which Jones was riding was crushed by the impact on the side and his rib or ribs injured as he sat driving at the wheel of his car. He received wounds which, according to the testimony, later resulted in his death.

History shows that the right of trial by jury was practiced in England and expressly guaranteed to the English people by the Magna Charta. It was introduced into this country by the English colonists and has since the organization of our government been guaranteed to all by the State and Federal Constitutions. It is a substantial right loved and cherished by the American people. This Court has consistently upheld and carefully guarded this right until it is now recognized by all that the right of trial by jury is a part of our jurisprudence. The power granted to a trial court to direct a verdict during the trial of a cause where sufficient evidence has not been adduced to make out a case should be cautiously exercised so as not to infringe upon the organic right of trial by jury. If the evidence is con-

flicting or will admit of different reasonable inferences, or if there is evidence tending to prove the issues, it should be submitted to a jury as a question of fact to be determined by it, and not taken from the jury and passed upon by the Court as a question of law. See Hastings v. Taylor, 130 Fla. 249, 177 So. 621; Duval Laundry Co. v. Reif, 130 Fla. 276, 177 So. 726; Talley v. McCain, 128 Fla. 418, 174 So. 841; Cameron, etc., Co. v. Law-Engle Co., 98 Fla. 920, 124 So. 814; McKinnon v. Johnson, 57 Fla. 120, 48 So. 910; Starks v. Sawyer, 56 Fla. 596, 47 So. 513; Florida Cent. etc., R. Co. v. Williams, 37 Fla. 406, 20 So. 558; Southern Exp. Co. v. Williamson, 66 Fla. 286, 63 So. 433, L. R. A. 1916C, 1208; Bass v. Ramos, 58 Fla. 161, 50 So. 945, 138 Am. St. Rep. 105; Wood Lbr. Co. v. Gipson, 63 Fla. 316, 58 So. 364; Paul v. Commercial Bank, 69 Fla. 62, 68 So. 68; Johnson v. Louisville, etv., R. Co., 59 Fla. 305, 52 So. 195; Williams v. Sherry, 94 Fla. 998, 114 So. 849; German-American Lbr. Co. v. Brock, 55 Fla. 577, 46 So. 740; Atlantic Coast Line R. Co. v. Pelot, 62 Fla. 121, 56 So. 496. See also King v. Cooney-Eckstein Co., 66 Fla. 246, 63 So. 659, Ann. Cas. 1916C, 163; Gunn v. Jacksonville, 67 Fla. 40, 64 So. 435; Davis v. Ivey, 93 Fla. 387, 112 So. 264; Florida East Coast Ry. Co. v. Hayes, 66 Fla. 589, 64 So. 274; Jacksonville v. Glover, 68 Fla. 701, 69 So. 20; Gravette v. Turner, 77 Fla. 311, 81 So. 476; Gulf Refining Co. v. Ankeny, 102 Fla. 151, 135 So. 521.

The judgment appealed from is hereby reversed.

WHITFIELD, P. J., and BROWN, J., concur.

THOMAS, J., concurs in conclusion.

Justices TERRELL and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.