McCONNON & COMPANY v. H. R. HUNTER, W. C. McCULLOUGH and G. W. CARTER.

198 So. 57
Division B
Opinion Filed September 6, 1940
Rehearing Denied October 24, 1940

*Lloyd T. Everett, Scarlett & Futch,* for Plaintiff in Error; *Harry A. Horn* and *Louis Ossinsky,* for Defendant in Error.

CHAPMAN, J.—On July 6, 1936, plaintiff in error filed its declaration in the Circuit Court of Volusia County, Florida, against H. R. Hunter, W. C. McCullough, and G. W.

Carter. The declaration was on the common counts against .the three defendants and on a special count; the count of the declaration against W. C. McCullough and G. W. Carter was an action of covenant in which it was alleged that the two defendants on July 31, 1935, executed and delivered a bond under seal thereby promising and guaranteeing the payment of the debts and obligations due plaintiff in error by H. R. Hunter as of July 31, 1935, and additional thereto, it was alleged that the bond secured the payment of any and all indebtedness which would accrue thereafter between the plaintiff below and the principal H. R. Hunter and there existed at the time of filing suit an indebtedness due under the suretyship from Hunter to the plaintiff in the total sum of $292.38.

The plaintiff had for some time prior to the institution of suit demanded payment thereof by each of the said defendants and claimed the amount due under the terms and conditions of the bond.

The defendants filed several joint pleas to the said declaration and to each count thereof. One plea common to the defendants was "that the alleged deed was not their deed." Other pleas were (a) never was indebted, (b) did not.promise, (c) payment, (d) denial that plaintiff was a corporation and (e) a plea of common law set-off. The lower court sustained a motion to strike pleas 7, 8 and 9.

The issues were presented to a jury and at the conclusion of the taking of testimony there was a motion and an order by the court directing a verdict in behalf of the two defendants McCullough and Carter, sureties on the bond, on the ground that the plaintiff failed to prove or establish by competent and material testimony that the two sureties ever signed the bond. The jury rendered a verdict against the defendant Hunter, and plaintiff below filed a motion for a

new trial as against the defendant sureties but the same was denied and an appeal has been perfected therefrom to this Court.

The testimony developed that the plaintiff at Winona, Minnesota, manufactured a large line of household and culinary articles, extracts, spices, cosmetics, and other items which it sold to customers for cash or on credit pursuant to orders received, and when credit was requested, the customer was required to furnish plaintiff below with credit guaranty signed by individuals financially responsible. The guaranty covered the then existing indebtedness and other merchandise subsequently shipped by plaintiff on the customer's order. J. R. McConnon, president of the company, testified that he personally handled the account involved and identified the credit guaranty signed by the two defendants. It was sent to the plaintiff by the defendant Hunter. The credit guaranty was carefully examined and registered letters of acceptance thereafter mailed to the three defendants. On the receipt and approval of the credit guaranty, a line of credit was extended to Hunter.

During the progress of the trial and when the testimony of the witness J. R. McConnon, president of the plaintiff corporation, was being read, the record shows, viz.:

"On July 31st, 1935, H. R. Hunter owed the plaintiff company a balance of $198.68 for goods he had previously purchased from it on credit. On that day, I prepared the credit guaranty marked Plaintiff's Exhibit '3,' by having the same filled out on a typewriter by my stenographer. When this credit guaranty was so prepared the indebtedness of 'one hundred ninety-eight and 68/100 dollars ($198.68)' was typewritten in the body of this agreement the same as it now appears. When this agreement or credit guaranty marked Exhibit '3' had been filled out on the typewriter as

I stated, I then verified this amount of $198.68 typewritten in the body of this credit guaranty with the balance then shown to be due in the account of H. R. Hunter on the books of general account of the plaintiff. When I verified this amount by comparing with this balance I found the same to be correct and I then wrote my initials 'J. R. Mc.' with pen and ink to the right of this indebtedness the same as they now appear on this credit guaranty. At the time I checked this indebtedness, this credit guaranty did not contain any pen and ink signatures on it at all. I then mailed this credit guaranty to H. R. Hunter and shortly after that I received this credit guaranty marked 'Exhibit 3' back from him, here at Winona, Minnesota, by mail in the ordinary course of business, and when so received, it was then signed by W. C. McCullough and G. W. Carter as sureties and by the witnesses to their signatures the same as it now appears. I am familiar with the signatures and handwriting of the defendants. The name 'W. C. McCullough' signed with pen and ink as "surety" on this credit guaranty marked Plaintiff's Exhibit "3" is written in the handwriting of W. C. McCullough. The name "G. W. Carter" signed with pen and ink as "surety" on this credit guaranty marked Plaintiff's Exhibit "3" is written in the handwriting of G. W. Carter.

"By Mr. Ossinsky: The defendants move to strike the following: 'I am familiar with the signatures and handwriting of the defendants. The name "W. C. McCullough" signed with pen and ink as "surety" on this credit guaranty marked Plaintiff's Exhibit "3" is written in the handwriting of W. C. McCullough. The name "G. W. Carter" signed with pen and ink as "surety" on this credit guaranty marked Plaintiff's Exhibit "3" is written in the handwriting of G. W. Carter' upon the ground that no proper predicate has been

laid to show that the witness knew the handwriting of said defendants.

"By the Court: Motion sustained. Gentlemen of the jury, you shall not consider the said testimony as proof that the signatures of W. C. McCullough and G. W. Carter are the true signatures of the said defendants.

"By the Witness: Upon receipt of this credit guaranty marked Exhibit '3' from H. R. Hunter, I approved and accepted the same on behalf of the plaintiff, and then I notified both W. C. McCullough and G. W. Carter, by letters I sent to them by registered mail, that this credit guaranty had been received and accepted."

Other officers of the plaintiff corporation having a knowledge of the account testified and there can be no doubt about the correctness of the verdict returned by the jury as based on the testimony adduced by the plaintiff. There was no testimony offered by the defendants or either of them. The question here is whether or not the lower court erred in sustaining motions of the defendant to strike described portions of the testimony and then holding the evidence offered was insufficient. We have carefully considered all the testimony and hold that the plaintiff adduced testimony sufficient for the jury to consider as against the two defendant guarantors.

The law is well settled that a trial court should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the other party can be sustained, nor should a motion for a directed verdict be granted where the evidence is conflicting, or will admit of different reasonable inferences, or if there is evidence tending to prove the issues. It was the duty and within the province of the jury to settle under appropriate instructions, this question of fact. See Aspen-

wall v. Gleason, 97 Fla. 869, 122 So. 270; Cameron v. Sara-Engle Co., 98 Fla. 920, 124 So. 814; Orr v. Avon Florida Citrus Corp., 130 Fla. 306, 177 So. 612.

The lower court erred in its order directing a verdict for the defendants W. C. McCullough and G. W. Carter on the motion of their counsel and for this reason the said judgment in their behalf entered in the lower court is reversed and a new trial awarded.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.