**SARAH FELSHIN, joined by her husband, URI FELSHIN and URI FELSHIN, individually, v. HARRY SIR.**

5 So. (2nd) 600                                    Division B
January 2, 1942                    Rehearing Denied January 28, 1942

Knight & Green and Joseph M. Whitson, for appellants.

Blackwell & Walker, for appellee.

CHAPMAN, J.:

On November 17, 1938, Harry Sir, by a written lease, rented for the term of five and one-half months for the sum of $500.00, an apartment at Miami Beach to Uri Felshin. The apartment was furnished and the several items thereof were listed or described and located in the living room, dining room and kitchen thereof. The apartment was new and the written lease did not contain a provision to repair or maintain the premises for the demised period, or to supply additional articles other than listed in the lease. Uri Felshin and Sarah Felshin, his wife, took posesssion of the apartment under the lease. They were each above sixty years of age.

The landlord, Harry Sir, after the Felshins entered into possession, placed a carpet strip two feet in width by four and one-half feet in length, between the living room and dinette of the apartment. The terms of the lease did not require the landlord to place on the floor or passage way between the living room and dinette of the apartment this carpet strip. The floors of the apartment were new, highly polished and waxed or shellacked, and in a slippery condition. The strip was not satisfactory to the tenants and upon their complaint, Harry Sir, sewed one edge of the strip to the mat under the carpet and placed the other edge

under the linoleum on the floor of the dinette and tacked the same. Some two weeks thereafter Sarah Felshin, while going from the dinette to the living room, slipped and fell because of this "throw rug" or carpet strip, and sustained personal injuries. This suit was brought to recover damages for the alleged injuries. From a verdict and judgment for the defendant below an appeal has been perfected here.

Plaintiff below, in the first count, charged defendant with negligence by permitting or allowing an unsafe and dangerous condition to exist in the apartment in the form of a small rug or carpet strip thrown loosely on a highly varnished, waxed and polished floor at a point between the living room and the dinette; that defendant attempted to remedy the alleged unsafe condition by sewing one edge of the "throw rug" to the mat under the rug in the living room and placing the other edge of the "throw rug" under the edge of the linoleum in the dinette; that the fastening of the "throw rug" was imperfectly and improperly done and created a dangerous and unsafe place on which to walk, and plaintiff, about two weeks thereafter, fell and sustained described injuries. The second count possessed about the same allegations of negligence, and the two counts are controlled by the same principles of law. The case was submitted on pleas of the general issue and contributory negligence. There is but little, if any, controversy as to plaintiff's injuries or amount of expenses incurred, but the question is whether or not, under the conditions and circumstances, there is a legal liability? There is no statute in Florida controlling this subject. The written lease existing between the parties fails to contain a covenant or provision on the point in controversy.

32 Am. Jur. pages 526-7, par. 662, states the rule viz:

"662. Liability for Injuries Resulting from Defective Premises.—The logical conclusion from the principle that the landlord is under no implied obligation as to the condition of the demised premises or as to the repair of defects therein is that the landlord is not responsible to the tenant for injuries to person or property caused by defects in the demised premises where the landlord has not made any warranty or contract as to the condition of the demised premises or as to the repair of defects and is guilty of no wilful wrong or fraud. If damages result to the tenant by reason of failure to make repairs, there can be no recovery against the landlord. In the absence of an express warranty, in order to render a lessor liable to the lessee for injury suffered during the lessee's occupancy, by reason of defects in the premises, there must be some proof of fraud or misrepresentation, or direct concealment of a fact known to the lessor, which the lessee did not have any reasonable opportunity to discover. There must be proof of some direct omission by the lessor, of the performance of a duty which he owed to the lessee, in order to make the landlord liable. The landlord is not liable to the tenant even though the premises are in a condition called 'ruinous' or 'a nuisance.' "

In Restatement of the Law, under the subjects of Torts and Negligence, Vol. 2, pages 982-3, par. 362, the rule is stated viz:

"362. Negligent Repairs By Lessor.

"A lessor of land who, by purporting to make repairs thereon while the land is in the possession of his

lessee or by the negligent manner in which he has made such repairs has, as the lessee neither knows nor should know, made the land more dangerous for use, is subject to liability for bodily harm caused thereby to the lessee and others upon the land with the consent of the lessee or a sub-lessee.

"Comment:

"a. The rule stated in this Section applies if the negligent manner in which the repairs are made makes the land more dangerous for use, irrespective of whether the added danger is due to the fact that the physical condition of land is changed for the worse by the repairs or to the fact that the making of the repairs gives it a deceptive appearance of safety and so leads the tenant or others with his consent to use the land in a way which but for the repairs they would recognize to be dangerous. . . .

"c. The lessor is subject to liability if, but only if, the lessee neither knows nor should know that the purported repairs have not been made or have been negligently made and so, relying upon the deceptive appearance of safety, subjects himself to the dangers or invites or permits his licensees to encounter them. The lessor is, therefore, liable only if he takes exclusive charge of the repairs and is not liable if the repairs are to be made by himself and the lessee or under the lessee's supervision.

"d. The rule stated in this Section applies equally to the negligent repair of defective conditions existing at the time that the lessee takes possession and of defective conditions which come into existence thereafter.

"e. It is immaterial that the lessor makes the repairs gratuitously or makes them to secure some

advantage to himself as lessor, as where the repairs are made to induce the lessee not to terminate the lease."

See Gibbons v. Harris Amusement Co., 109 Pa. Superior Ct. 484, 167 Atl. 250; Cutro v. Scranton Medical Arts Bldg., 329 Pa. 382, 198 A. 141; Rosen-Steinsitz v. Wanamaker, 154 N.Y.S. 262; Goldstein v. Hershkowitz, 139 N.Y.S. 3; Chilberg v. Standard Furniture Co., 63 Wash. 414, 115 Pac. 837; Bernhardy v. Marian Realty Co., 129 Cal. App. 579, 19 Pac. (2nd) 7; 36 C.J. pages 222-224, pars. 910-11.

In the case of Colburn v. Shuravlev, 24 Cal. App. (2nd) 298, 74 Pac. (2nd) 1060, the involved facts were very much like the case at bar viz: the tenant brought suit against the landlord to recover for damages sustained when she tripped over a defective rug in the defendant's apartment. Plaintiff had removed the rug from its usual place in the hall and placed it on the living room rug for the purpose of cleaning it. The doorbell rang and in her hurry to the door tripped and fell over the rug. Plaintiff had notified the landlord of the defect in the rug, when a promise was made to repair it. The plaintiff knew of the defective condition at the time she took possession of the premises and throughout the period of her occupancy. The landlord contended that the tenant-plaintiff voluntarily assumed the risk to be anticipated from the dangerous condition of the premises. The court held, in the absence of fraud, concealment or covenant in the lease, the tenant could not recover for the alleged injuries due to the defective condition of the demised premises.

In Nelson v. Smeltzer, 221 Ia. 972, 265 N.W. 924, plaintiff was an overnight guest of the defendant.

The floors in the home were of hardwood, and waxed, polished and furnished with rugs. The rug in the hall was 8x6, and in the doorway between the dining room and hall there was an Oriental rug 6x3. It had a fuzzy surface on top and ribbing on the bottom, but no attachment on the rug to hold it in place. Plaintiff had been a frequent visitor in the home over a period of years and knew of the condition of the floor and the rugs. Plaintiff went through the hall and dining room over the Persian rug between the dining room and hall; she then turned back into the hall to turn out the hall light at the switch, and in doing so fell. She had been over the rug a number of times, but did not fall. The Court considered the question viz: Did the placing of the Persian rug on the waxed and polished floor without a device to affix it to the floor provide a reasonably safe place for the plaintiff to travel? She was an invitee in the home. The court held, as a matter of law, that the placing of the Persian rugs on the polished waxed floor without fastening the rugs to the floor was not negligence.

It is contended by counsel for plaintiffs in error at the bar of this Court and in briefs that there is not in the record sufficient testimony to suport the defendant's plea of contributory negligence, and for this reason it was reversible error to instruct the jury on the law of contributory negligence. We find cases cited in their brief to sustain this contention. Negligence can or may be established by direct testimony, or it may be inferred from the conditions and circumstances of facts adduced in evidence. See Orr v. Avon Florida Citrus Corp., 130 Fla. 306, 177 So. 612. In personal injury suits, conflicts and disputes in the testimony as to plaintiff's alleged contributory negli-

gence is a jury question. See G. Ferlita & Sons, Inc., v. Beck, 143 Fla. 509, 197 So. 340; Atlantic Greyhound Lines v. Lovett, 134 Fla. 505, 184 So. 133.

The parties litigant, taking the stand as witnesses, frankly admitted an inadequate knowledge of the English language and counsel therefore labored under perplexing difficulties in developing or attempting to develop the testimony in support of the tendered issues. Careful consideration has been given to the testimony and exhibits appearing in the record. The plaintiff lived in the apartment from November 17, 1938, until December 19, 1938. She performed the daily household duties, except when a maid did certain work about the apartment once each week. The plaintiff in the course of the day would walk over the spot where she was injured a number of times. She had knowledge of the hardwood floors, and that some were waxed, polished and slippery; and that the rug or carpet slip was placed on this passage way and on complaint of the plaintiffs the defendant fastened each side thereof. The plaintiffs possessed full dominion under their lease over the demised premises for five and one-half months after November 17, 1938. It was theirs to use, occupy and enjoy for the demised period as against the world. Reasonable changes or alterations thereof for the promotion of their comfort, safety and welfare was optional with them. It cannot be contended that they were without knowledge of the hardwood floors and the waxed and slippery condition thereof when the lease was executed. The "throw rug" or carpet strip was by the landlord sewed and tacked after their complaint. It is possible that it would have been removed from the apartment by the landlord rather than sewed and tacked had the

plaintiffs only requested it, or by the plaintiffs removed from the floor and packed away prior to their complaint to the landlord. The plaintiffs continued to occupy the apartment with a knowledge of the polished and slippery floor at a point between the living room and the dinette. Their occupancy continued after the throw rug or carpet strip by the landlord was placed on the floor. They did not abandon the apartment because of this unsafe place, but complained to the landlord. It was satisfactory to them to occupy the apartment after the sewing and tacking of the rug or carpet strip, and it is inferable that the plaintiffs walked over this rug many, many times during the two weeks prior to the fall and injury. These facts were considered by the jury under the court's instructions on contributory negligence. It was the legal duty of the plaintiff when stepping on this rug to exercise due care for her own safety. The law charged her with the duty to exercise such care as an ordinary prudent person would under like circumstances. See J. G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45, Ann. Cas. 1913C 564. Plaintiff had knowledge of the defects complained of. See Butler v. Maney, 146 Fla. 33, 200 So. 226. The issues presented were for the jury and we have no right to disturb the verdict.

The judgment appealed from is hereby affirmed.

BROWN, C. J., TERRELL, and THOMAS, JJ., concur.