## SEABOARD OIL CO. v. ALLEN.
### No. 14109.

United States Court of Appeals
Fifth Circuit.

June 5, 1953.

Elliott Adams, Jacksonville, Fla., Wm. C. McLean, Tampa, Fla., McCarthy, Lane & Adams, Jacksonville, Fla., for appellant.

Warren M. Goodrich, Bradenton, Fla., Willis, Goodrich & Hensley, Bradenton, Fla., for appellee.

Before BORAH, RUSSELL and STRUM, Circuit Judges.

STRUM, Circuit Judge.

Appellee, plaintiff below, recovered judgment against appellant for damage to the engines of automobiles, trucks and other automotive equipment owned by plaintiff, caused by the use of gasoline diluted with diesel oil which defendant had sold to plaintiff as pure gasoline, and which plaintiff used in his equipment without knowledge that it contained diesel oil.

At the close of the evidence, the trial court denied defendant's motion for instructed verdict and submitted the case to the jury, which returned a verdict for plaintiff, thereby in effect finding that the gasoline was so diluted, and that the presence of diesel oil in the gasoline damaged plaintiff's equipment.

The case was not tried below upon the doctrine of *res ipsa loquitur*, but upon the basis that proof of negligence upon the part of the defendant was essential to a recovery.

There was no direct evidence that the gasoline was diluted with diesel oil. In Florida, however, it is held that circumstantial evidence alone will support a finding of negligence, the inferences being for the jury to determine where the circumstances shown in evidence are such that reasonable minds might differ as to the conclusions to be drawn. Cobb v. Twitchell, 91 Fla. 539, 108 So. 186, 45 A.L.R. 865; Jones v. Stoddard, 138 Fla. 458, 189 So. 400; Orr v. Avon Florida Citrus Corp., 130 Fla. 306, 177 So. 612; Dehon v. Heidt,

38 So.2d 39; Felshin v. Sir, 149 Fla. 218, 5 So.2d 600; Bassett v. Edwards, 158 Fla. 848, 30 So.2d 374.

There is abundant evidence of circumstances from which it could be reasonably inferred that gasoline delivered by the defendant to plaintiff was diluted with diesel oil, due to the negligence of defendant's employee operating the delivery truck, and that the diluted gasoline damaged the engines of plaintiff's equipment, which were designed to use pure gasoline only. The case was therefore properly submitted to the jury.

Affirmed.