90 So.2d 297 (1956)
John Quincy CHANEY, a minor, by his next friend, Q.O. Chaney, Appellant,
v.
Joseph G. HEADLEY and City of Miami, a municipal corporation, Appellees.
Helen CHANEY and Q.O. Chaney, Appellants,
v.
Joseph G. HEADLEY and City of Miami, a municipal corporation, Appellees.
Supreme Court of Florida. Division B.
October 31, 1956.
*298 Hall, Hedrick & Dekle, Miami, for appellants.
Fowler, White, Gillen, Yancey & Humkey and Henry Burnett, Miami, for appellees.
THOMAS, Justice.
The two judgments brought here for review were entered in two actions, brought by a father for injuries to his son, and by the father and mother for injuries to the latter, as a result of a collision between the car driven by the mother, in which the son was a passenger, and a car operated by Joseph G. Headley, a police officer of the City of Miami. The officer and the city were originally parties defendant in both actions, but in the course of the pleadings the city was eliminated from both suits upon its motions that the plaintiffs' actions were barred by Sec. 95.24, Florida Statutes 1949, and F.S.A. In the action brought by husband and wife, the defendant Headley filed a counterclaim.
At the conclusion of all the testimony, the remaining defendant moved that the court direct a verdict in his favor in the main suits and upon his counterclaim. The judge granted the former, denied the latter, and granted appellants' motion for directed verdict on the counterclaim. So no recovery was obtained by the plaintiffs in the two suits or by the counterclaimant. No error has been assigned by the counterclaimant so we will not further refer to the ruling on this aspect of the litigation.
To grant the motion by the defendant that the plaintiffs recover nothing from him, it was necessary for the judge to conclude that it was apparent "that no sufficient evidence [had] been submitted upon which the jury could legally find a verdict * * * for the opposite party." Sec. 54.17, Florida Statutes 1949, and F.S.A.
There is evidence that both drivers were stunned by the impact. The defendant-Headley claimed that he had no recollection of what occurred after he passed a street a block or so away as he approached the point of collision. The other driver regained consciousness after she reached the hospital. No other person witnessed the mishap.
It was established, however, that the plaintiff-driver was proceeding north on N.W. 6th Avenue and that the defendant was driving west on an intersecting street, N.W. 69th Street. The condition of the cars after the collision demonstrated that the plaintiff-driver's car was hit broadside and that the defendant's car had struck it head-on. The plaintiff-driver testified that she had stopped and looked before entering the intersection, and that she was travelling slowly when she was rendered unconscious by the shock. There was testimony from which it could have been inferred that the defendant was in much of a hurry and that, although he was the driver on the right, the plaintiff-driver had entered the intersection, and even the northeast quarter of the intersection, when her car was struck. Of course, there was evidence of the relative positions of the cars after the mishap and of skid marks upon the pavement.
These facts and circumstances do not indicate to us that there was such a paucity of information that it could be decided as a matter of law that there was insufficient testimony to support a legal verdict, or, to use the language quoted in Mullis v. City of Miami, Fla., 60 So.2d 174, that "there [was] no evidence whatever adduced that could in law support a verdict for plaintiff." Johnson v. Louisville & N.R. Co., 59 Fla. 305, 52 So. 195, 196, cited in Bryan v. Loftin, Fla., 51 So.2d 724, 725.
It is true that no witnesses were available who were watching the cars as *299 they ran together, but we cannot because of the absence of witnesses hold that no recovery could have been allowed. We have said that lack of witnesses does not conclude the question of negligence, Dehon v. Heidt, Fla., 38 So.2d 39, and we subscribe to the view that negligence may be proved by circumstantial evidence. Voelker v. Combined Ins. Co. of America, Fla., 73 So.2d 403, 405; Felshin v. Sir, 149 Fla. 218, 5 So.2d 600.
True, there was a conflict in available evidence but we think the evidence received was of such character that the jury should have been charged with deciding whether or not inferences favorable to the plaintiff outweighed "`all contrary inferences to such extent as to amount to a preponderance * * *.'" Voelker v. Combined Ins. Co. of America, supra; King v. Weis-Patterson Lumber Co., 124 Fla. 272, 168 So. 858, 859.
On the first point, we rule in favor of the appellants.
The only remaining point that deserves consideration arises from the action of the court in dealing with a plea of the defendant-City of Miami filed after default had been entered against it. This default had been entered against both defendants in the action brought by Hellen Chaney and Q.O. Chaney, although timely pleadings had been filed in the companion action by John Quincy Chaney.
The defendants filed a motion to set aside the default explaining that failure to file defenses was the result of an oversight caused by the papers in the two actions becoming confused. The movants represented that they had a good and valid defense and were ready to present their answers, and the defendant-Headley to present his counterclaim.
The judge granted the motion and allowed the defendants five days to file a "response." In its answer the city incorporated an affirmative defense, under Sec. 95.24, Florida Statutes 1949, and F.S.A., which contains a provision that no action shall be instituted against a city for wrongful injury unless brought within twelve months from the time of the injury. It is a statute of limitations, pure and simple, giving cities preferential treatment.
It is the general rule that to warrant setting aside a default against him, the defendant must show due diligence and a meritorious defense and the absence of either will defeat his attempt, Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751. It is also the rule that the defendant must show facts reasonably excusing his failure and facts constituting a good defense "on the merits," State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40. The facts relied upon in the instant case to establish an excuse for failure to plead were skimpy. The statement was that "copies of process in * * * the * * * suits were transferred to the attorneys for the defendants * * *, who were also attorneys for the defendants in said minor's suit, and at the time they were transferred they were fixed together in such a manner as to cause the complaint and summons in [one] * * * cause to be overlooked * * *." But we do not pursue this matter because, in our opinion, the point is not properly raised.
As for the status of a plea of the statute of limitations as one presenting a meritorious defense, we say only that by the weight of authority it does have that quality.
The appellants have not convinced us that the judge grossly abused his discretion when he caused the default to be vacated, so we will not disturb his ruling on that point.
Affirmed in part; reversed in part.
DREW, C.J., and ROBERTS and O'CONNELL, JJ., concur.