*Demandants nonsuit.*

Tenney, C. J., and Appleton, May, Davis, and Kent, J. J., concurred.

---

## Sarah Dickey *versus* Maine Telegraph Company.

By the legal laying out of a highway, and after all the requirements of the statute have been complied with, the public acquire an easement, as against the owners of the land, to every portion of the road.

The law does not require the town, in preparing a highway for travel, ordinarily, to make the traveled path the whole width of the road.

Towns are not liable for obstructions on the portions of a highway not constituting the traveled path, and not so connected with it as to affect the safety of the traveled portion.

A traveler on a highway may go out of the beaten track, at his own risk as between himself and the town; but so doing he is entitled to protection against the unlawful acts of other persons or corporations.

No private person or corporation has the right to place or cause any obstruction, which interferes with the right of others, on any part of the highway, within its exterior limits. For such obstruction, the extent of a town's liability is not the measure of the liability of a private person.

Upon a motion for a new trial, it was contended that a witness at a previous trial of the same issue had given evidence contradictory to his later testimony, but which was not made to appear in the report upon which the motion was based: — *Held*, that the Court can only act upon the evidence as reported: — *Held* that, if the moving party intended to avail themselves of such alleged contradiction, they should have proved it at the last trial.

On Exceptions and Motion for New Trial.

This was an action to recover damages for an alleged injury to the person of the plaintiff. The main facts are as follows: — The stage, running between Belfast and Northport, in which the plaintiff was at the time of the accident a passenger, on arriving at the latter town, turned off from the usual traveled part of the highway towards the post office, to

exchange letter bags. A telegraphic wire of the defendant corporation, hanging too low, caught the upper part of the stage, and was the cause of its being upset, whereby the plaintiff was damaged.

The Judge presiding instructed the jury that highways are made to accommodate the public travel, and any person, having occasion to travel upon them, is not necessarily confined to the usually traveled path, but may rightfully travel upon any part of a highway which is within its limits, or side lines, for the purpose of calling at post offices, stores or dwelling-houses along the line of the road, as convenience or necessity may require, whenever such person can do so without any want of ordinary care, and without interfering with the rights of other persons in and upon the highway.

Also, that the defendants had no right by their charter to incommode the public travel by their erections; and, if they did so, or if, having made erections within the limits of the highway, in conformity with their charter, they suffered the same to get down or out of repair, and to remain so after reasonable notice and opportunity to repair them, so as to obstruct the public travel, and endanger the safety of travelers rightfully traveling within the limits of the highway, and thereby rendered such highway unsafe and inconvenient, then, if the plaintiff, while rightfully traveling within any portion of the highway, sustained injury to her person in manner as alleged, solely by reason of such obstruction being within the highway, the defendants were liable for the damages occasioned thereby, provided she has shown affirmatively all the other facts which are necessary to entitle her to recover.

A verdict was rendered for plaintiff.

To the above instructions the defendants excepted. They also moved for a new trial.

*N. Abbott,* for plaintiff.

*A. W. Paine,* for defendants.

The opinion of the Court was drawn up by

KENT, J.— The application of a few well established principles, to the facts in this case, will aid in testing the correctness of the rulings to which exceptions are taken.

When a highway is laid out and opened, all persons have a right to pass upon it. By the legal laying out, and after all the requirements of the statute have been complied with, the public acquires an easement, as against the owners of the land, which extends to every portion of the road; and any person has a right to pass or re-pass, at his own risk, over any part, after it is opened, and before any work is done, or any traveled path made, and before the liability of the town to make it exists. When laid out and accepted it becomes a public highway. *State* v. *Kittery,* '5 Greenl., 259; *Johnson* v. *Whitefield,* 18 Maine, 286.

The duties of the town in relation to preparing the way for travel are distinct from and subsequent to the laying out. The law requires the town to make and keep in repair a traveled path, of suitable and sufficient width. It does not require the town, ordinarily, to make that traveled path the whole width of the road, and towns will not be liable for obstructions on the portion of the highway not constituting the traveled path, and not so connected with it as to affect the safety of the traveled portion. *Bryant* v. *Biddeford,* 39 Maine, 193.

But the right of travelers to use any part of a highway, if they see fit, is not restricted by the limitation of the liability of the town in case of accident. A person may go out of the beaten track at his own risk, as between himself and the town, and yet be entitled to protection against the unlawful acts of other persons or corporations. Any part of the highway may be used by the traveler, and in such direction as may suit his convenience or taste. *Stinson* v. *Gardiner,* 42 Maine, 248.

No private person has a right to place or cause any obstruction which interferes with this right on any part of the highway, within its exterior limits. The extent of the lia-

bility of the town is no measure for such private person's liability. If the owner of the fee in the land, or any other person, should dig a pit, or stretch a cord, or place a pile of stones on the highway near the outer limit, and at a considerable distance from the traveled way, and a traveler passing, using due care, should be injured thereby, it would be no sufficient answer, to his claim for damages, to aver and prove that, under the circumstances, the town was not liable. The duty of the town is to perform a positive act in the preparation and preservation of a sufficient traveled way. The duty of others is to abstain from doing any act by which any part of the highway would become more dangerous to the traveler than in a state of nature, or than in the state in which the town has left it.

It may be true that in many cases the same principles will be applied both to towns and individuals, in determining whether a given state of facts, in relation to a particular incumbrance, constitutes a defect within the meaning of the law. But admitting the defect, the question of liability, for creating or allowing it, may require for its solution the application of very different principles, in a case against a private person, from those which would apply to a town.

We think that the instructions of the presiding Judge, in relation to the rights of all persons to travel on any part of the highway, and to leave the usually traveled path, for the purpose indicated, were entirely correct, as applied to this case between an individual and a corporation other than a town. Any other construction would deprive a traveler of a legal right to turn out of the beaten track, to avoid defects, or to call at houses, stores or fields. If he has not such legal right, then, as against the owner of the fee in the land over which the highway is located, he would be a trespasser. The only right, which the public has, is to pass and re-pass. A horseman cannot stop to allow his horse to graze, without being a trespasser. *Stinson* v. *Gardiner*, 42 Maine, 254. If, when he has turned from the usual traveled path, he is not rightfully traveling over the spot, he can claim no damages

against an individual, who has wilfully placed obstructions or impediments on that part of the highway. If he has a legal right to be there, then the individual wrongdoer may be responsible, although the town may not be.

2. The defendants invoke the provisions of their charter, and contend that, by its terms, they are exempted from all liability for any defect or neglect outside of the traveled way, and that they stand in the same condition as the town. The charter, § 2, authorizes the company to "locate and construct its line along and upon any highway * * * by the erection of the necessary fixtures, including posts, piers or abutments, for sustaining the wires or conductors of such line, but the same shall not be so constructed as to incommode the public use of said roads or highways."

The defendants contend that the "public use of the highway is the right which the great public owns, in distinction from the private rights which individuals have of passing out of the traveled path." We cannot concur in this view. The public use of the highway is the right which has been before defined, viz., the right of any and all persons to use the highway, to pass and re-pass, at their pleasure, on any part. It is not confined to that portion which the town is by law compelled to make and keep in repair.

It is very clear that this company could not legally erect posts a foot only in height, and extend the wires at that distance from the ground, on the exterior limits and outside of the traveled path, if, by so doing, the use of any part of the highway was obstructed or rendered inconvenient and dangerous, or the traveler incommoded. If any injury should arise to any such legal traveler by such erection, he using due care, the company would be liable to him. The same rule will apply, when, after erections properly made, they suffer the same to fall down, or to be out of repair, and to remain so after reasonable notice, so as to obstruct the traveler and endanger his safety.

The instructions on this point were clear and distinct, and, in our view, correct.                    *Exceptions overruled.*

---

Dickey *v.* Maine Telegraph Company.

---

MOTION FOR NEW TRIAL.

It is stated, although it does not appear in the report before us, that this case has been twice tried, with the same result. We are referred to the case in the 43d volume of Maine Reports. It would seem, from that report, that certain evidence was introduced, which, in the opinion of the Court, *upon that report*, did not justify the jury in finding their verdict. But what that evidence was does not appear in this case.

We can only judge upon the evidence now reported. It does not appear that any evidence was introduced on the last trial to show that the driver testified differently on the first trial, although it is now contended he did. If the defendants intended to avail themselves of the fact that there was such discrepancy or contradiction, they should have proved it in the last trial.

The only question is whether the jury, with this evidence before them, clearly erred in their conclusions on the point of due care on the part of the driver. The jury had all the circumstances before them; the testimony of the driver, who said he did not design or intend to break the wire, or to drive against it, and that he had told the operator that, if he did not take it out of the way, he would *cut* it off. They had, also, the testimony of the operator as to this declaration. He testified in chief that the declaration of the driver to him was that, if he (the operator) did not fix it, he would *break* it down. In his cross-examination, he could not say " but that Harding said he would *cut* the wire." They had before them all the probabilities and improbabilities, the arguments and the theories, and, under the charge of the Court, which on this point is not excepted to, they found no want of due care.

We see no sufficient reason to satisfy us that the verdict was so manifestly against the evidence, that the Court is called upon to set it aside.       *Motion overruled, and*

*Judgment on the verdict.*

TENNEY, C. J., concurred in the result. APPLETON, CUTTING, MAY, and DAVIS, J. J. concurred.