ROBERTS et al. v. HARRISON.

When, from natural causes only, water accumulates upon land in such quantities as that, in the process of evaporation, noxious and deleterious gases are emitted, which are injurious to the public health and to the health of persons residing in the community, if the owner has not contributed by his own act to bringing about that result, he can not be held answerable for the creation or continuance of a nuisance, nor can he be compelled, by order of the magistrates under section 4760 of the Civil Code, to abate the nuisance resulting from such cause.

Argued June 23, — Decided July 10, 1897.

Certiorari. Before Judge Hutchins. Jackson superior court. August term, 1896.

*E. C. Armistead*, for plaintiffs.
*H. H. Dean*, for defendant.

SIMMONS, C. J. A petition was filed by Roberts and five others, under section 4760 of the Civil Code, for the removal of a pond of water which had collected upon the lands of W. O. Harrison. The jury returned a verdict finding the pond a nuisance, and the justices of the peace directed the sheriff or his deputy to enter upon the lands "and abate the nuisance complained of, by removing said pond in the most feasible manner." The defendant carried the case by certiorari to the superior court. There the certiorari was sustained and the judgment of the justices set aside, on the ground that while, in a sense, the pond complained of is a nuisance, it is not such a *legal nuisance* as the justices of the peace have jurisdiction to abate.

The area of the pond in question varied from time to time, and the water, partially receding, would leave exposed to the sun portions of land which had been submerged. In the processes of evaporation and by the decay of large masses of vegetable matter, noxious and deleterious gases were emitted which were injurious to the public health and to the health of persons residing in the community. The accumulation of the water was due solely to natural causes, and the defendant did not, by his own act or negligence, contribute to bring about the alleged nuisance. At one time the land had been drained by a ditch which emptied into a creek, but in consequence of the filling in and choking up of either the ditch or the creek, or both, the water accumulated and formed the pond. The defendant had done nothing to interfere with the natural drainage, and the pond was formed by the overflow of the creek due entirely to causes over which the defendant had no control.

The presence of the pond and the attendant evils were doubtless annoying and even injurious to persons residing in the neighborhood, but we think that they do not constitute a

nuisance for which the defendant can be held answerable or which he can be compelled, under section 4760 of the Civil Code, to abate. This court has held that a person is not guilty of an actionable nuisance unless the injurious consequences complained of are the natural and proximate results of his own acts or failure of duty. *Brimberry* v. *S., F. & W. Ry. Co.*, 78 *Ga.* 641, and the cases there cited and discussed. This doctrine we think is the true one, and it is recognized as such by all of the authorities on this point which we have examined. In 1 Wood on Nuisances, § 116, we find the rule thus stated: "Where water collects in low, marshy places, and, by reason of becoming stagnant, emits gases that are destructive to the health, and lives even, of the community, this is not a nuisance in the legal sense; and the owner of the land is not bound to drain it, nor can he be subjected to action or indictment therefor. The reason is, that in order to create a *legal* nuisance, *the act of man* must have contributed to its existence. Ill results, however extensive or serious, that flow from natural causes, can not become a nuisance, even though the person upon whose premises the cause exists could remove it with little trouble and expense. . . . Thus it will be seen that a nuisance can not arise from the neglect of one to remove that which exists or arises from purely natural causes." See also Gates v. Aratkir, 24 Q. B. Div. 656; Mohr v. Gault, 10 Wis. 513, s. c. 78 Am. Dec. 687; Hartwell v. Armstrong, 19 Barb. (N. Y. Sup. Ct.) 166; State v. Rankin, 3 S. C. 438, s. c. 16 Am. Rep. 737; Peck v. Herrington, 109 Ill. 611, s. c. 50 Am. Rep. 637; Woodruff v. Fisher, 17 Barb. 224.

The facts of the present case place it within the principles announced in the cases above cited, and the judgment of the justices of the peace was erroneous. The certiorari of the defendant was properly sustained and the judgment of the justices set aside.

*Judgment affirmed. All the Justices concurring.*