GULF REFINING CO. v. NANNIE P. GILMORE.

152 So. 621.
Division B.
Opinion Filed October 17, 1933.
Opinion on Rehearing Filed February 7, 1934.

Giles J. Patterson, for Plaintiff in Error;

Stockton, Ulmer & Murchison, for Defendant in Error.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be, and the same is hereby affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, BROWN and BUFORD, J. J., concur.

TERRELL, J., not participating.

ON REHEARING.

On October 17, 1932, the judgment herein was affirmed by a *per curiam* decision without opinion. The case is now before us for reconsideration upon rehearing granted and reargument had thereon.

Plaintiff below sued for an injury sustained by her when she tripped over a cord in the night time as she stepped up onto the curb and started to walk across a grass plot located between the curb and paved sidewalk at that point. The proof showed that defendant, a corner filling station operator, had several days prior to plaintiff's injury, dug up the space between the curb and sidewalk for a grass plot, had planted it with seed and had thereafter, in order to discourage walking by pedestrians across the planted space, stretched a dark brown wrapping cord, not readily discernible at night, on stakes, around this grass plot. The proof is adequate that the cord, suspended as it was about six or eight inches from the ground around the grass plot, and being dark colored against a dark background, was hard to see, and that no notice, light or warning of it was erected or placed at the spot to advise pedestrians of the cord's existence at that point.

We think the verdict was amply justified by the evidence, and is sustainable as a matter of law on the following authorities: Long v. American Ry. Express. Co., 150 La. 184, 90 Sou. Rep. 563, 22 A. L. R. 1493; Opdycke v. Public Service R. Co., 78 N. J. L. 576, 76 Atl. Rep. 1032; Dickey v. Maine Telegraph Co., 46 Maine 483.

In the present case the gist of the cause of action sued for was the placing by a private corporation of an obstruction on a part of the street that, in the absence of some warning as to its presence, was presumed to be free of dangerous pitfalls such as cords and the like, stretched in such manner as to trip pedestrians attempting to cross from the curb to the sidewalk proper. In such cases the liability of the private person placing the obstruction and failing to give warning of its presence is different from the liability of the city for the same defect.

368

Therefore the cases relied on by plaintiff in error for reversal are not in point, since they refer to the liability of a municipal corporation for injuries received by a pedestrian when occasioned by the mere presence in a street of an obstruction that conceivably can be placed there under proper conditions.

Reaffirmed on rehearing.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.