WILLIAM H. HARDIN, *v.* JACKSONVILLE TERMINAL COMPANY.

175 So. 226.
Division B.
Opinion Filed June 16, 1937.

*C. B. Peeler,* for Plaintiff in Error.

*Julian Hartridge,* for Defendant in Error.

DAVIS, J.—Upon consideration of a demurrer interposed by plaintiff to certain of defendant's pleas to plaintiff's third amended declaration, the Circuit Court visited the demurrer on plaintiffs's declaration and entered final judgment thereon in favor of the defendant. Plaintiff in the Court below has prosecuted this writ of error to that judgment.

As basis for recovery plaintiff alleged substantially the following facts: That on a certain date, the defendant

was in possession and control of a certain tract of land abutting on Myrtle Avenue at or about a prolongation of the south side of Bay Street, by the side of which for some distance, both along Myrtle Avenue and the side thereof, being at or about a prolongation of the south side of said Bay Street, it was maintaining and had maintained a retaining wall, from which said defendant did, on said day, and had for more than one year prior thereto, during the maintenance of said wall, wrongfully, negligently and carelessly permitted and allowed liquids to intermissively run onto and upon the pavement of Myrtle Avenue at or about the prolongation of the south side of said Bay Street, said Myrtle Avenue at such location, being a popular and muchly traveled thoroughfare, said liquids having such ingredients so that a substance of a slick and slippery nature was, during the aforesaid period of time, intermissively formed and deposited on the pavement along said Myrtle Avenue causing said pavement at or about the prolongation of the south side of Bay Street, to intermissively become slick, slippery and unsafe for pedestrians to walk thereon, which was known to defendant and its representatives in charge thereof, or should have been known to them, by the exercise of ordinary and reasonable care and caution in the premises; that on or about the 17th day of July, A. D., 1933, plaintiff was walking westerly across said Myrtle Avenue, at or about a prolongation of the south side of said Bay Street and, while upon the pavement within a few feet from sidewalk on westerly side of said Myrtle Avenue, when such pavement had deposited thereon a slick and slippery substance causing the same to be in a slick, slippery and unsafe condition for pedestrians, the proximate cause of which was the negligence and carelessness of defendant in permitting the aforesaid liquids, containing such ingredients to run from its aforesaid retaining wall to and upon such

aforesaid pavement, at or about that time and place, as to deposit and form thereon such aforesaid slick and slippery substance of which plaintiff had no knowledge, on account whereof, this plaintiff did slip and fall, thereby bruising and wounding his body and limbs, breaking his shoulder blade, from which he suffered great pain and anguish of body and mind, and will so continue permanently, and was hindered and prevented from attending to and transacting his business and affairs, and will continue so permanently, and plaintiff was put to great expense in having his said wounds and bruises dressed and treated, in his endeavor to be cured and healed thereof.

The liability of a possessor of land, who maintains a condition or conducts an activity thereon, for bodily harm caused thereby, is governed by the rules which determine liability for negligence, the public interest in the free use by the owner of his land being an important factor in determining the reasonable or unreasonable character of the risk which the condition or activity involves. Thus, the liability of a possessor of land·for bodily harm caused to others outside the land by an artificial condition created thereon, as by changes caused by excavations, structures, or fillings, is determined by whether or not the possessor realizes, or should realize, that such artificial condition involves an *unreasonable* risk of harm to persons outside the land in cases where (1) the possessor has created the condition, or (2) the condition has been created by a third party with the possessor's consent or acquiescence while the land is in his possession, or (3) the condition is created by a third person without the possessor's acquiescence or consent, but reasonable care is not taken to make the condition safe after the possessor knows or should know of it, or (4) the possessor, when he takes possession, knows, or should know, of the condition which was created before

he took possession. American Law Institute, Restatement Law of Negligence, par. 364, *et seq.*

When a demurrer to pleas is sustained to a declaration containing more than one count and final judgment for defendant is entered thereon, the ruling must be reversed on writ of error if any one of the several counts of the declaration states a cause of action. In this case the third amended declaration contains three separate counts. But the gist of each is the same insofar as the alleged act causing the injury is concerned, namely, the existence of a slippery substance on the pavement charged as having been either negligently created by defendant, or negligently allowed to proceed from defendant's premises to and upon the street as set up in the first and second counts, or negligently having been caused and suffered to exist and remain in the street without warning given by defendant to the injured party, as alleged in the third count.

To state a cause of action within the rule of law applicable to a situation of the kind described in the declaration, it was necessary for plaintiff to have shown that the flow of liquids onto and upon the pavement was such as a reasonable man would recognize as involving an *unreasonable* risk, or *undue* danger to pedestrians properly walking on the street whereon the liquid was allowed to flow, if (as impliedly admitted by the declaration) the retaining wall maintained by defendant as alleged was not in and of itself defectively constructed, or should show that due to some defective construction of the retaining wall in the first instance that some unnatural or undue risk was created thereby amounting to an unreasonable or undue danger to pedestrians that a reasonable man would recognize as likely to cause injury to such pedestrians using the adjacent highway.

In this case the action has been brought against the

Terminal Company for the way in which it keeps its retaining wall. The declaration does not negative the idea that the Terminal Company has kept and continued the wall as originally constructed. Nor does the declaration undertake to advance the idea that the original construction of the wall was in violation of any duty that the owner of the land owed to the public traveling upon the adjacent street to anticipate and avoid bodily harm to pedestrians thereon under circumstances that charged the Terminal Company with knowledge that the manner of construction or maintenance after construction in the condition that it was constructed, would involve an unreasonable risk of harm because of the inherent nature and tendency of the retaining wall to bring about the risk of injury from the circumstances pleaded.

The condition created in the street is not sufficiently shown by the allegations of the amended declaration to have amounted to an actionable nuisance there at the time the injury was sustained, as it would have been if the condition complained of were shown to have been more than merely transitory, that is to say, persistent as in Alston v. Grant, 3 Ellis & Blackburn 127 (77 E. C. L. 127), at the time complained of. Therefore the declaration failed to state a cause of action and the Court properly sustained to it the demurrer that had been interposed to defendant's pleas, and the entry of judgment consequent thereon was free from error.

Where a sheer condition of land is alleged as the primary cause of bodily harm alone to the plaintiff, not while on such land, but on a highway or other land adjacent thereto, the simple fact that bodily harm has been done, either because of the condition of the land, or by some activity conducted thereon, does not in and of itself make the condition or activity actionable merely because the condition

or activity is alleged to have been negligently and carelessly done or suffered. There must be some allegation of facts in such cases, in addition to the ordinary allegation that the act or condition causing the harm was negligently and carelessly done or suffered to exist, such as will enable the court to draw the conclusion that the alleged tort feasor is guilty of causing or proximately contributing to what amounts to an actionable nuisance in the street, or on the adjoining land, since *prima facie* there is no liability on the part of a land owner to persons injured outside his lands (which includes persons on adjacent highways), unless the owner has done or permitted something to occur on his lands which he realizes or should realize, involves an unreasonable risk of harm to others outside his land, and therefore imposes on him, as an owner or possessor of the land, the duty of abating or obviating the use or condition from which the risk is encountered.

Affirmed.

WHITFIELD and TERRELL, J. J., concur.

BUFORD, J., concurs specially.

ELLIS, C. J., and BROWN, J., dissent.

BUFORD, J. (concurring specially).—I concur in the conclusion because the allegations of the declaration were insufficient to show any duty resting upon the defendant either to construct or maintain the alleged retaining wall. If the declaration had alleged that the defendant negligently deposited the alleged liquid substance on its premises and negligently and carelessly allowed the same to flow to and upon the street in addition to what was alleged in the declaration the infirmity would have been cured. There is no allegation as to the origin of or duty to control the flow of the alleged liquid substance.

ELLIS, C. J. (dissenting).—The plaintiff below sued the Jacksonville Terminal Company not because the Company

was engaged in an activity upon its own land or had created a condition upon its own land which caused an injury to a person outside, but he sued the Company because it had created a condition in a public street dangerous to pedestrians thereon.

In other words, the company had created a condition upon a public street which rendered such street dangerous to persons who had rights to be pedestrians thereon.

The City would have been equally liable to the plaintiff in certain circumstances but as the Company and City may have been in the circumstance tort feasors and jointly as well as severally liable the plaintiff elected to bring the action against one of them, that is to say, the Corporation, which he had a right to do.

The rule of law quoted in the majority opinion as stated by the A. L. I. on Negligence has no application because it was not a condition created by the Company on its own land of which the plaintiff complained but of a condition created by the Company in a public street.

BROWN, J., concurs.