330 So.2d 498 (1976)
Paula COOK, Individually and As Mother and Next Friend of Shella Cook, a Minor, Appellant,
v.
John MARTIN et al., Appellees.
No. 75-236.
District Court of Appeal of Florida, Fourth District.
April 2, 1976.
Rehearing Denied May 11, 1976.
Christopher B. Knox, Burdick & Donahoe, Fort Lauderdale, for appellant.
James M. Norman and Nancy Little Hoffmann, Druck, Grimmett, Norman & Weaver, Fort Lauderdale, for appellee-Seville Court, Inc.
SCHULZ, GEORGE E., Associate Judge.
Plaintiff/appellant, Paula Cook, mother of Sheila Cook, in a personal injury action appeals from a summary final judgment granted in favor of defendant/appellee, Seville Court, Inc., a Florida corporation. The minor plaintiff, Sheila Cook, was struck by a car operated by John Martin as she was exiting from appellee's trailer court private drive. Plaintiff alleged defendant failed to maintain its property in a safe condition in that certain shrubbery and positioning of trailers on the premises obstructed the view of anyone leaving the property in the manner similar to Sheila Cook's exiting, and that as a direct result of defendant's negligence in failing to maintain its property in a safe condition, Sheila Cook was injured.
After discovery was completed appellee moved for summary judgment contending the proximate cause of the accident was not because of the height of the shrubbery or positioning of the trailers, and the appellant had failed to show any breach of duty owed by the appellee; hence, a final summary judgment was entered in favor of appellee.
It is the burden of the moving party to show conclusively that a genuine issue of material fact does not exist before a summary judgment should be entered, and it should be further shown that the moving party is entitled to judgment as a matter of law. See, Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Visingardi v. Tirone, 193 So.2d 601 (Fla. 1966).
We feel that the appellee does not meet the summary judgment rule.
*499 Appellant is entitled to a review of the record in the light most favorable to her. Thus it appears that the deposition of Officer Smith, an investigating officer, and the deposition of the injured child, Sheila Cook, raises an issue of material fact relative to the shrubbery and its effect on visibility of someone exiting from the private driveway where the accident occurred.
When the existence of such an issue appears in the record, it must be submitted to the jury under proper instructions for a determination of questions of fact and liability.
REVERSED and REMANDED.
CROSS and DOWNEY, JJ., concur.