391 So.2d 231 (1980)
Marcus EVANS, Jr. and Michael Evans, Minors, by and through Their Father, Marcus Evans, Sr., Carol Evans and Marcus Evans, Sr., Individually and As Her Husband, Appellants,
v.
SOUTHERN HOLDING CORPORATION and Insurance Company of North America, Appellees.
No. 79-675.
District Court of Appeal of Florida, Third District.
November 25, 1980.
Rehearing Denied January 9, 1981.
Horton, Perse & Ginsberg and Edward A. Perse, Miami, Tobin & Thomson, Coral Gables, for appellants.
Lane, Mitchell & Harris and Byron B. Mathews, Jr., Miami, for appellees.
Before SCHWARTZ and BASKIN, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
PEARSON, TILLMAN
The appellants, Carol Evans, Michael Evans and Marcus Evans, Jr., were plaintiffs in the trial court. They claimed damages for personal injury in an automobile intersectional collision. The only defendants concerned with this appeal are Southern Holding Corporation and its insurance company, Insurance Company of North America. Southern Holding Corporation was the owner and developer of a subdivision which was under construction at the time of the accident and was the owner of the four *232 corners of land adjacent to the intersection when the accident occurred. The plaintiffs appeal a summary final judgment for the defendant.
The only arguable basis for reversal of the summary final judgment is that an issue of fact remained to be tried as to the liability of the defendant founded upon allegations of the complaint that the defendant contributed to the cause of the accident by allowing high weeds to grow on the southwest corner and by storing heavy equipment on that corner of the property so that the drivers of the colliding vehicles had their view of approaching traffic obscured.[1]
The simple question presented is whether there is a duty on a landowner to maintain his property in a condition so that a motorist approaching a public highway intersection can see other approaching motorists. It must be noted that this question excludes situations where obstructions on private property are in violation of some statute or ordinance. See 39 Am.Jur.2d Highways, Streets and Bridges §§ 365, 462 (1968); 23 Fla.Jur. Negligence § 69 (1959), and compare Bohm v. Racette, 118 Kan. 670, 236 P. 811 (1925). The question also excludes situations where the obstruction protrudes onto public property. See Gulf Refining Co. v. Gilmore, 112 Fla. 366, 152 So. 621 (1933); 16 Fla.Jur. Highways, Streets and Bridges § 119 (1957), and 39 Am.Jur.2d Highways, Streets and Bridges § 359 (1968).
A recent Florida case involving the obstruction of the view of approaching traffic, which is cited by both parties to this appeal, is Cook v. Martin, 330 So.2d 498 (Fla. 4th DCA 1976). This opinion held without discussion that a summary judgment must be reversed when there is an issue as to whether a private driveway of a trailer park was so unsafe because of obstructions as to constitute a trap for lawful users of the private driveway. The proposition advanced by the plaintiffs in the present case is much broader. They urge that we disregard the traditional rule that the owner of land is under no affirmative duty to remedy conditions of purely natural origin upon his land and impose upon a landowner for the benefit of motorists using a public street the duty to maintain his property so that the motorist's view of intersecting traffic is not obstructed. See Prosser, Law of Torts § 57 (4th Ed. 1971); 39 Am.Jur.2d Highways, Streets and Bridges § 462 (1968). We find that no such duty has been established in Florida. See Hardin v. Jacksonville Terminal Co., 128 Fla. 631, 635-36, 175 So. 226, 228 (1937). As our Supreme Court in Bassett v. Edwards, 158 Fla. 848, 852, 30 So.2d 374, 376 (1947) succinctly stated:
"Obstruction of view when motoring on a highway must be observed by all motorists. Every user of the highway is required to exercise reasonable care for his own safety and protection. It was the truck driver's duty and also the driver of the automobile to observe the oleander bush at this intersection and to bring their vehicles under such control as the situation required and demanded."
It is easy to say that the restriction on the use of private property is only that each landowner shall not unreasonably use his property, but the establishment of such duty (as urged by plaintiffs) entails the right in every intersectional collision case for the motorist to charge and litigate before a jury whether the jury thinks the landowner's use of his land is reasonable. See Rodgers v. Ray, 10 Ariz. App. 119, 457 P.2d 281 (1969). Further, we find no rational basis for such an extension of a duty *233 concept to limit the use of private property. See discussion of the duty concept and the limitation upon the use of land at Prosser, Law of Torts § 57 (4th Ed. 1971).
Having reached the conclusion that the duty alleged as a basis for plaintiffs' claim of negligence does not create a basis for liability, we find no basis for reversal of the summary final judgment.
Affirmed.
SCHWARTZ, Judge (dissenting).
In my judgment, the facts of this case raise a triable issue as to whether the defendant-landowner breached a duty of care which should be, and in fact has been, recognized by the law of Florida. That duty is the one referred to, albeit in a negative fashion, in Hardin v. Jacksonville Terminal Co., 128 Fla. 631, 175 So. 226 (1937), which is cited by the court. At 175 So. 228, it was said:
there is no liability on the part of a landowner to persons injured outside his lands (which includes persons on adjacent highways), unless the owner has done or permitted something to occur on his lands which he realizes or should realize involves an unreasonable risk of harm to others outside his land, and therefore imposes on him, as an owner or possessor of the land, the duty of abating or obviating the use or condition from which the risk is encountered.
See, Cook v. Martin, 330 So.2d 498 (Fla. 4th DCA 1976), cert. denied, 339 So.2d 1170 (Fla. 1976).
The majority suggests that the imposition of liability in this case would be improperly contrary to "the traditional rule that the owner of land is under no affirmative duty to remedy conditions of purely natural origin upon his land and impose upon a landowner for the benefit of motorists using a public street the duty to maintain his property so that the motorist's view of intersecting traffic is not obstructed." I disagree with this position. In the first place, it was affirmatively alleged and demonstrated below that at least part of the obstruction to view was caused by the existence of "large trailers, vans, construction equipment, and outdoor toilets" near the intersection. If negligently created or permitted to exist, this decidedly non-"purely natural" defect, see, 2 Restatement (Second) of Torts § 363 Comment b (1965), would give rise to liability under the firmly established principle embodied in 2 Restatement (Second) of Torts § 364 (1965):
Creation or Maintenance of Dangerous Artificial Conditions
A possessor of land is subject to liability to others outside of the land for physical harm caused by a structure or other artificial condition on the land, which the possessor realizes or should realize will involve an unreasonable risk of such harm, if
(a) the possessor has created the condition, or
(b) the condition is created by a third person with the possessor's consent or acquiescence while the land is in his possession, or
(c) the condition is created by a third person without the possessor's consent or acquiescence, but reasonable care is not taken to make the condition safe after the possessor knows or should know of it.[1]
As to the "natural" condition caused by the growth of weeds, the supposed rule of non-liability is based upon a notion concerning the right to the unrestricted use of one's land which was founded upon conditions in an overwhelmingly agricultural society and which has therefore long outlived its raison d'etre. See, e.g., Roberts v. Harrison, 101 Ga. 773, 28 S.E. 995 (1897). I see no reason in modern-day life for a blanket rule of law insulating a landowner under all circumstances from responsibility for entirely foreseeable consequences, see, Gibson v. Avis Rent-A-Car System, Inc., *234 386 So.2d 520 (Fla. 1980), caused by a negligent failure to eliminate obstructions from his property. As several modern decisions have indicated, I would hold that, on the present record, a jury question has been presented on this theory of the case as well. See, Wisher v. Fowler, 7 Cal. App.3d 225, 86 Cal. Rptr. 582 (1970); Salomone v. Boulanger, 32 Conn. Supp. 115, 342 A.2d 61 (Super.Ct. 1975); 2 Restatement (Second) of Torts § 363(2) (1965), and caveat and comment on subsection (2); compare, Rodgers v. Ray, 10 Ariz. App. 119, 457 P.2d 281 (1969), questioned in Hall v. Mertz, 14 Ariz. App. 24, 480 P.2d 361 (1971).
The Florida case cited by the court for its contrary conclusion, Bassett v. Edwards, 158 Fla. 848, 30 So.2d 374 (1947) does not involve an action against the landowner at all. More important, it embodies concepts of proximate causation, intervening cause, and contributory negligence which no longer obtain in our state. Gibson v. Avis Rent-A-Car System, Inc., supra; Hoffman v. Jones, 280 So.2d 431 (Fla. 1973); see, Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979) (liability for intersection accident arising from negligent maintenance of traffic control device).
Finally, the court states that reversal "entails the right in every intersectional collision case for the motorists to charge and litigate before a jury whether the jury thinks the landowner's use of his land is reasonable." So be it. Subject, as in every case, to appropriate superintendence by the court when there is no liability as a matter of law, the determination of whether reasonable care has been exercised in a specific situation is just what juries do and what, under our system, they are for. See, Holley v. Mt. Zion Terrace Apartments, Inc., 382 So.2d 98 (Fla.3d DCA 1980). Every day, juries decide whether a landowner has negligently maintained his premises so as legally to cause injury to persons located on the property. I do not believe that the Republic would fall if they were allowed to make the same decisions as to persons on the adjoining highway.
NOTES
[1] The complaint alleged:

"8. In addition the Defendant, SOUTHERN HOLDING CORPORATION, caused and permitted a large, dense, and high growth of weeds on its property adjacent to the intersection of S.W. 18th Street and S.W. 122nd Avenue, blocking and obstructing the view of motor vehicles approaching the intersection and constituting a `trap' and nuisance. The Defendant, SOUTHERN HOLDING CORPORATION, caused and permitted large trailers, vans, construction equipment, and outdoor toilets to be parked in violation of law, adjacent to the intersection of S.W. 18th Street and S.W. 122nd Avenue, impairing the view of the motor vehicles approaching the intersection."
[1] It is significant that Hardin cites the original version of this section of the Restatement with approval. 175 So. at 227.