PER CURIAM.
This is an appeal from dismissal of claims against landowners, alleging that foliage growing on the landowners’ property obstructed a motorist’s vision as a result of which a motorist’s car struck two pedestrians. We affirm dismissal of the common law tort claim, but reverse in part the dismissal of the claim for violation of a Miami-Dade County ordinance.
Defendant-appellees[1] (“landowners”) operate an Amoco service station on Collins Avenue on Miami Beach. While leaving the service station premises in her car, service station customer Jean Simoneau struck two pedestrians, killing one and injuring the other.
Plaintiffs[2] filed this personal injury action against the landowners, among others.[3] Plaintiffs allege that the landowners had a dense stand of foliage between their service station and the adjacent property. Plaintiffs say that the foliage impaired the driver’s view of the sidewalk, thus causing or contributing to the accident. However, the foliage was entirely on the landowner’s property, and did not protrude into the *1108 public way. The trial court dismissed plaintiffs’ claims for negligence and violation of a Miami-Dade County ordinance. This appeal follows.
In the context of automobile collision cases, this court has declined to impose liability for a visual obstruction created by foliage growing on a landowner’s property, so long as the foliage does not protrude into the public way. See Morales v. Costa, 427 So.2d 297 (Fla. 3d DCA 1983); Stevens v. Liberty Mutual Ins. Co., 415 So.2d 51 (Fla. 3d DCA 1982); Evans v. Southern Holding Corp., 391 So.2d 231 (Fla. 3d DCA 1980); see also Dawson v. Ridgley, 554 So.2d 623 (Fla. 3d DCA 1989); Armas v. Metropolitan Dade County, 429 So.2d 59 (Fla. 3d DCA 1983). So long as the foliage remains within the landowner’s property, the “landowner has a right to use and enjoy his property in any manner he sees fit,” Morales, 427 So.2d at 298, and it is the responsibility of the motorist to maintain a proper lookout when visibility is restricted. See Bassett v. Edwards, 158 Fla. 848, 852, 30 So.2d 374, 376 (1947); Evans, 391 So.2d at 232. The logic of the cited cases applies equally to the present case.
The plaintiffs acknowledge the cited line of cases, but contend that they have been overruled sub silentio by the Florida Supreme Court’s decision in McCain v. Florida Power Corporation, 593 So.2d 500 (Fla. 1992). We disagree. The McCain decision clarified how foreseeability can be relevant both to the element of duty and the element of proximate cause for purposes of tort law. See id. at 502. The actual claim at issue in McCain was for injuries suffered when plaintiffs mechanical trencher struck an underground cable in an area Florida Power had designated as safe for trenching. See id. at 501. We do not think that McCain addressed the question now before us, nor do we believe that McCain has overruled our earlier cases involving landowner liability for foliage growing on the landowner’s property. We therefore affirm dismissal of the negligence claim.
Liability can be imposed, however, “where obstructions on private property are in violation of some statute or ordinance.” Evans, 391 So.2d at 232 (citations omitted). Plaintiffs allege alternatively that the foliage in this case was located so that it violated section 33-11(c) of the Miami-Dade County Code.
Section 33-ll(c) states, in part, “The height of fences, walls, bus shelters and hedges shall not exceed two and on-half feet in height within ten (10) feet of the edge of driveway leading to a public right-of-way.” Plaintiffs have specifically alleged a violation of this portion of the ordinance. The ordinance does not define what constitutes a “hedge,” and the complaint uses the generic term “foliage”— which could include a hedge. That being so, this claim should not have been dismissed.
Plaintiffs also allege a violation of another portion of section 33-11(c) which prohibits “obstructions to cross-visibility at a height of two and one-half (2.5) feet or more above pavement....” The remainder of section 33-11(c) makes clear, however, that the safe sight distance triangle applies only at what the ordinance describes as through streets and minor streets. Here we deal with the intersection of a driveway with a through street, so the safe sight distance triangle portion of section 33 — 11(c) does not apply. That being so, the claim for violation of the safe sight distance triangle was properly dismissed.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

. Eli Silverman, Irene Silverman, Ignacio Ur-bieta, and Ignacio Urbieta, Jr.

. Ileana Whitt, as personal representative of decedent Ilia Fotinov, and the injured pedestrian, Yordanka Fotinova.

.The plaintiffs’ claims against the driver and the car owner are not at issue in this appeal.