995 So.2d 1175 (2008)
TRAVELERS INSURANCE COMPANY, etc., Appellant,
v.
SECURITYLINK FROM AMERITECH, INC., and Vanguard Security, Inc., Appellees.
No. 3D07-3177.
District Court of Appeal of Florida, Third District.
December 10, 2008.
*1176 Richard A. Sherman, Sr., Ft. Lauderdale; Law Offices of Robert F. Tacher and Joel L. Roth, Ft. Lauderdale, for appellant.
Morgan & Morgan and Thomas J. Morgan, for appellee, Vanguard Security, Inc.
Before GERSTEN, C.J., RAMIREZ, J., and SCHWARTZ, Senior Judge.
GERSTEN, C.J.
Travelers Insurance Company ("the insurer"), as subrogee of Original Worldwide, Ltd. ("the warehouse owner"), appeals from an order dismissing its complaint against Vanguard Security, Inc. ("the security company"). We reverse.
The warehouse owner contracted with Securitylink from Ameritech, Inc. ("the alarm company") to install and monitor an alarm at its warehouse. The alarm company, in turn, employed the security company to respond to alarm calls at the warehouse. According to the established procedure, when the alarm sounded, the alarm company contacted the security company to send a guard to inspect the premises. The security company guard then went to the warehouse, inspected the premises for any signs of forced entry or other suspicious activity, and reported back to the alarm company.
One weekend, the alarm company received four alarm signals from the warehouse. Each time, the alarm company called the security company to dispatch a guard to inspect the premises. On the first three alarms, the guard inspected the premises and reported no evidence of forced entry or suspicious activity. On the fourth alarm, the alarm company called the warehouse owner, requesting it send someone to the warehouse. Upon entering the warehouse, they discovered a ladder descending from a broken skylight and determined that merchandise was missing.
Subsequently, the insurer paid a claim on the stolen merchandise, and filed this action to recover the monies paid on the claim. After several amendments, the insurer's complaint alleged negligence, gross negligence, and breach of contract against both the alarm company and the security company. The trial court dismissed the claims against the security company, and the insurer appealed.
On appeal, the insurer asserts error in dismissing the claims against the security company after determining, as a matter of law, that the security company owed no duty to the warehouse owner. On the *1177 other hand, the security company contends that the trial court properly dismissed the claims because either it owed no legal duty to the warehouse owner, or even if there was a duty, the security company fully performed. We agree with the insurer.
On the dismissal of a claim, we take plaintiff's factual allegations as true, and construe all reasonable inferences from those facts in favor of the plaintiff. See, e.g., Fla. Dept of Health Rehab. Servs. v. S.A.P., 835 So.2d 1091, 1094 (Fla.2002). Here, the salient alleged facts are that: (1) the security company owed a contractual duty to inspect the premises for signs of forced entry or other suspicious activity; (2) the security company guard failed to properly inspect the premises, thereby missing the forced entry; and (3) the improper inspection directly contributed to the successful theft which caused damages to the warehouse owner.
The security company contends that it owed a duty only to the alarm company with whom it contracted. However, Florida law is well settled that a non-contracting party may bring an action for breach of a contractual duty when the party is the intended beneficiary of the contract. See, e.g., Biscayne Inv. Group, Ltd. v. Guarantee Mgmt. Servs., Inc., 903 So.2d 251, 254 (Fla. 3d DCA 2005); Cooper v. IBI Sec. Serv. of Fla., Inc., 281 So.2d 524, 526 (Fla. 3d DCA 1973). Further, negligent performance of inspections may give rise to a cause of action. See Hill v. U.S. Fid. Guar. Co., 428 F.2d 112 (5th Cir.1970) (fire safety inspection of hotel); Gallichio v. Corp. Group Serv., Inc., 227 So.2d 519 (Fla. 3d DCA 1969) (safety inspection of employers premises).
In Clay Electric Cooperative, Inc. v. Johnson, 873 So.2d 1182, 1185 (Fla.2003), the Court used the standard set forth in section 324A of the Restatement (Second) of Torts (1965):
One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
(a) his failure to exercise reasonable care increases the risk of harm, or
(b) he has undertaken to perform a duty owed by the other to the third person, or
(c) the harm suffered because of reliance of the other or the third person upon the undertaking.
This standard is commonly referred to as the undertaker doctrine.
Here, the security company undertook, upon request, to respond to and inspect the property of an alarm company customer for forced entry or suspicious activity. Although the security company contracted to provide this service at the request of the alarm company, the alarm company customers, including the warehouse owner, were the direct beneficiaries of the contracted services. Further, the security company undertook to render services, which were necessary to protect the property of the alarm company customers.
Thus, the security company may be held liable to the warehouse owner: (a) if the security company failed to reasonably perform its obligation to respond and inspect the warehouse premises; (b) the warehouse owner suffered harm because it relied on the security company reasonably performing these services; and (c) the harm suffered is directly attributable to the security company's failure to reasonably perform these services. We, therefore, determine that the insurers complaint sufficiently pleads a cause of action against *1178 the security company under the undertaker doctrine.
Turning to the security company's contention that the trial court correctly dismissed the complaint because it fully performed its contracted duty, this question should not be resolved on a motion to dismiss. Whether a defendant has exercised reasonable care in a particular situation is an issue to be determined by the trier of facts. See Whitt v. Silverman, 788 So.2d 210, 220 (Fla.2001) (citing Evans v. S. Holding Corp., 391 So.2d 231, 233-34 (Fla. 3d DCA 1980) (Schwartz, J., dissenting)); Holley v. Mt. Zion Terrace Apartments, Inc., 382 So.2d 98, 100-01 (Fla. 3d DCA 1980).
Accordingly, we reverse the order dismissing the complaint against the security company, and remand for further proceedings consistent with this opinion.
Reversed and remanded.